WILLIAM H. WILLEY *v.* BOSTON AND MAINE RAILROAD CO.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed February 14, 1900.

*Duty to one in self-incurred danger—Plaintiff's negligence remote, defendant's proximate*—The plaintiff drove upon the track of the defendant railroad company and was injured. There was evidence tending to show that the defendant did not do all that it could to prevent disaster after it discovered the plaintiff's peril, and, therefore, it was improper to direct a verdict for the defendant, whether or not the plaintiff could, as a matter of law, be said to be guilty of negligence in going upon the track as he did.

ACTION ON THE CASE in which the plaintiff sought to recover for injuries received by him by being run into by a train of the defendant while he was attempting to drive over the track of the defendant at a highway crossing. Plea, general issue. Orleans County, March Term, 1899, *Start*, J., presiding. Trial by jury. Verdict directed for the defendant. Judgment on verdict. The plaintiff excepted.

The case, so far as it was material to the decision, is stated in the opinion.

*E. A. Cook* and *J. W. Redmond* for the plaintiff.

*Young & Young* for the defendant.

MUNSON, J. The court directed a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence. It is not necessary to inquire how the case stood in this respect, for there was evidence tending to establish facts upon which the plaintiff could recover although negligent. When it became apparent that the plaintiff was going upon the track, it was the duty of the defendant to do what it could to avoid injuring him. *Trow* v. *Vermont Central R. R. Co.*, 24 Vt. 487; Note 30 Am. Rep. 190; *Deans* v. *Wilmington & Weldon R. R. Co.*, 107 N. C. 686 : 22 Am. St. Rep. 902 and note; *Inland etc.*

*Co.* v. *Tolson,* 139 U. S. 531: Book 35 Law. Ed. 270; see *Magoon* v. *Boston & Maine R. R. Co.,* 67 Vt. 177.

The fireman testified that the plaintiff was first seen from a distance of about thirty rods, and that he was then about fifteen feet from the crossing; that the brake was applied about fifteen rods from the crossing, just as the horse was going upon the track; that there are two applications of the brake, the service and the emergency, of which the second is much the stronger; that the service application is obtained by throwing the lever into the nearer or service notch, and the emergency by throwing it into the further notch; that the engineer gave the emergency application; that when witness was examined before the railroad commissioners, in reply to the question, "Do you know if the engineer applied the emergency brake?", he replied, "I do not think so; he might have got the emergency application of the brake"; that he meant by this that the engineer made the service application so quick that he thought possibly he got the emergency application; and further, "I thought that he got the emergency application of the brake when he put it around to the service notch." It appeared that the horse got across the track, and that the engine struck the buggy.

This evidence entitled the plaintiff to claim to the jury that the defendant did not do all that it could to prevent the disaster, and that its failure in this respect was the cause of his injury.

As the judges are not entirely agreed in their views regarding the plaintiff's conduct, and as the case may be varied upon another trial, we do not pass upon the question of contributory negligence.

*Judgment reversed and cause remanded.*