ALVIN J. FRENCH *v.* THE GRAND TRUNK RAILWAY CO.

May Term, 1904.

Present:  ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed August 2, 1904.

*Railroads—Person on Track—Injury—Contributory Negli-*
*gence—Last Clear Chance—Concurrent Negligence—*
*Request to Charge—Motion for Verdict.*

A request to instruct the jury that, on all the evidence in the case,
plaintiff is not entitled to recover, is, in effect, a motion for a ver-
dict, and sufficiently states the ground thereof; and an exception
to its denial reserved the question whether, on the view of the
evidence most fovorable to him, the plaintiff was entitled to have
the case submitted to the jury.

When the negligence of the plaintiff and that of the defendant are
concurrent and operative at the time of the injury, and each con-
tributes to it, there can be no recovery.

Although when a person has reached a dangerous position where he
cannot help himself, and vigilance on his part will not avert the
injury, his negligence in reaching that position will not bar a
recovery, yet, if, when he reaches the dangerous position, a vigi-
lant use of his faculties and powers will avoid the injury, and he
is negligent in that respect, such negligence at that point will pre-
vent a recovery notwithstanding any negligence of the defendant.

A person, who is injured while crossing a railroad track by colliding
with the train just as he is taking the last step off the track, is
barred from recovery because his negligence is concurrent and
operative with any negligence on the part of the railroad com-
pany, when it appears that, if he has taken notice of the train,
even when he was in the middle of the track, he could have got
over in safety, and that he could have seen or heard the train, if
he had looked or listened.

CASE for personal injuries.  Plea, not guilty.  Trial by
jury at the October Term, 1903, Essex County, *Munson,* J.,

presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff testified that on the day of the accident, in going along the highway to his work after dinner, he came to a point where defendant's tracks crossed said highway at grade level; that this crossing is made up of eight separate tracks; that he started over this crossing and, after passing several tracks, found further progress blocked by defendant's train which extended several cars each side of the crossing; that no engine was attached to this train, and no engine was in sight; that he waited eight or nine minutes on the crossing for same to be unblocked; that then it was about one o'clock and he could wait no longer; that then he walked into defendant's yard, and beside said train till he reached the end thereof, then turned directly to the south, walked across the track on which the train stood, and approached the main line, which was the next track south; that, as he emerged from behind said train in approaching the main line, and before attempting to cross the same, he looked to the right and to the left, neither saw nor heard the train, and went right along.

The fireman testified that he saw plaintiff just as he was about to step upon the main line; that he shouted to him "Get out of the way!" and that then plaintiff was thirty feet from the engine.

The engineer testified that he heard the fireman shout, and that he leaned over to look through a window on the fireman's side to see what was the trouble; that he could stop the train within twenty-five or thirty feet but did not attempt to stop it until after the plaintiff was struck. The opinion states the other facts.

C. A. Hight and L. L. Hight for the defendant.

Plaintiff was guilty of negligence which caused, or helped to cause his injury. *Carter* v. *R. Co.*, 72 Vt. 190.

The doctrine of the last clear chance does not apply when the negligence of the plaintiff and that of the defendant are concurrent. *Batchelder* v. *R. Co.*, 57 Atl. 926; *Corson* v. *R. Co.*, 147 Pa. St. 219, 30 Am. St. Rep. 727; *Gahagan* v. *R. Co.*, 70 N. H. 441; *Davies* v. *R. Co.*, 70 N. H. 519.

*J. W. Redmond* and *E. A. Cook* for the plaintiff.

The request to charge "that on all the evidence in the case the plaintiff is not in law entitled to recover," if treated as a motion for a verdict, is defective in not stating the ground thereof. *German* v. *R. 'Co.*, 71 Vt. 70.

"When it became apparent that plaintiff was going upon the track, it was the duty of the defendant to do all it could to avoid injuring him," and, in default thereof, the plaintiff is entitled to recover notwithstanding his negligence. *Willey* v. *R. Co.*, 72 Vt. 120; *Davies* v. *Mann*, 10 Mess. & W. 546; *Inland, etc. Co.* v. *Tolson*, 139 U. S. 531; *Romick* v. *R. Co.*, 62 Iowa 167; *Denver, etc. Co.* v. *Dyer*, 20 Col. 132; *Donohue* v. *R. Co.*, 91 Mo. 357; 19 Eng. Rul. Cases, 206; 2 Thomp. Neg. 1157; *Baltimore, etc. R. v. Rifcowitz*, 43 Atl. Rep. 762; *Isbell* v. *R. Co.*, 27 Conn. 393, S. C. 71 Am. Dec. 78; *Atwood* v. *R. 'Co.*, 91 Me. 399, S. C., 40 Atl. Rep. 67; *Rine* v. *Chicago, etc. R.*, 88 Mo. 392; *Cincinnati, etc. R.* v. *Kassen*, 49 Ohio St. 230, 16 L. R. A. 674; *Baltimore, etc. R.* v. *Few*, 93 Va. 82; *State* v. *Manchester, etc. R.*, 52 N. H. 528; *Sweeney* v. *R. Co.*, 6 N. Y. Supp. 528; *Tuff* v. *Warman*, 94 E. C. L. 583; *Radley* v. *Railway Co.*, 1 App. Cas. 754; *Bouwmeester* v. *R. Co.*, 63 Mich. 557; *Judson* v. *R. Co.*, 63 Minn. 248; *Magoon* v. *Boston & Maine R.*, 67 Vt. 177; *Trow* v. *R. Co.*, 24 Vt. 487; *Bemis* v. *Conn. & Pass. R.*, 42 Vt. 375.

START, J.   The action is for the recovery of damages alleged to have accrued to the plaintiff by reason of being struck by an engine while attempting to cross the defendant's railroad track.   The defendant requested the court to instruct the jury, "that on all the evidence in the case the plaintiff is not entitled to recover."   This is, in effect, a motion for a verdict, and sufficiently states the ground of the motion; and, by excepting to the refusal of the court to comply with the request, the defendant has reserved for the consideration of this Court the question of whether, upon the most favorable view for the plaintiff of all the evidence, he was entitled to recover.

The plaintiff gave evidence tending to show, that he walked from the public crossing through the railroad yard of the defendant, along the side of a line of box cars some two hundred and thirty feet, and then passed the end of the line of box cars; that he looked to the right and left, went right along and attempted to cross the defendant's main line and, in so doing, was struck by the defendant's express train, coming from the west; that, as he passed the end of the box cars, he could see toward the west a distance of the length of two or three cars; and that he knew it was about time for the express to arrive and was dangerous to be on the track.   The actual measurements of the surveyor, which were disputed only by estimates, from the position of a man stepping over the north rail, show that a person could see one hundred and eighty-eight feet along the north rail, and two hundred and twenty-three feet along the south rail.   The train made a good deal of noise, and, upon the shout of warning from by-standers, the plaintiff did not quicken his pace in any way, but looked up, not in the direction of the approaching train, but in the direction of those who called to him; and, at the time he was struck, he was stepping over the last rail—had one foot over.

Upon these facts the plaintiff was not entitled to recover. There is no view of the evidence that relieves him from the charge of contributory negligence. He was in the possession of all his mental and physical faculties. He knew the express train was due. He was struck as he was stepping over the last rail. One step would have brought him to a place of safety. Assuming that he could see along the track over which the train was approaching for a distance of only the length of two or three cars, as testified by him, if he had had a regard for his own safety and looked and listened as he was crossing the track, he would have seen or heard the train, quickened his pace and reached a place of safety. If he had looked or listened before stepping upon the track, he would have heard or seen the train; and, if mindful of his safety, he would have stopped and avoided the collision. If he had quickened his pace when his attention was called to the approaching train, he could have saved himself. He was unencumbered and capable of easily hastening or checking his movements; and, if he had looked when he was in the middle of the track, he could have seen the engine in season to have stepped clear of danger. He could have seen the danger and avoided it at a time when it was too late for the defendant's servants to stop· the train and avoid a collision. There was no time when the defendant's servants could have stopped the train and avoided the injury, in which the plaintiff could not have avoided being injured by a vigilant use of his eyes, ears and physical strength. It was his duty to make a vigilant use of these faculties up to· the last moment when it was possible for him to do so. If he· did not see or hear the train, if he did not heed the warning that was given him, it was because he was not mindful of his safety, when he was in a place that he knew was dangerous. It was because he was careless, and that carelessness continued.

until he was injured. His negligence was not a precedent negligence. He exposed himself to danger that was the beginning not the end of his negligence, and his negligence was the proximate cause of the injury.

The case of *Batchelder* v. *Boston & Maine R. R. Co.*, recently decided by the Supreme Court of New Hampshire, and reported in 57 Atl. 926, is very similar in its facts to the case at bar. The court, in holding that the plaintiff could not recover, said: "If it might be found from the evidence that the defendant would have discovered the plaintiff in time to prevent the accident if they had used ordinary care, it cannot be found that she would not have seen the train in time to escape injury, if she had used the same care. * * * So that the plaintiff's failure to use ordinary care to discover the approach of the train was, in any view of the case, a part of the cause of her injury; for her fault would not cease to be the cause and become merely the occasion of her injury, unless, in the series of events that resulted in the accident, a wrongful act of the defendant was subsequent in point of causation to her failure to use ordinary care to discover the train. The only complaint she makes is that the defendant failed to use such care to discover her in time to avoid the accident. It is clear that their failure to perform this duty concurred both in point of time and causation with her failure to use the same care to discover the train. There was no time when they could have discovered her in season to avoid injuring her, in which she could not have discovered the train in time to avoid being injured." In *Carter* v. *Central Vermont R. R. Co.*, 72 Vt. 190, 47 Atl. 797, it is held, that the duty to look and listen before crossing a railroad track includes the duty to do that which will make looking and listening reasonably effective; and, if a traveller, by the vigilant use of his eyes and ears, can

discover and avoid injury and omits such vigilance, he is guilty of contributory negligence, and is chargeable with such knowledge of the approach of a train as he might have obtained by the exercise of that degree of care which, in circumstances of danger, he is bound to use.

The plaintiff relies upon the case of *Willey* v. *The Boston & Maine R. R. Co.,* 72 Vt. 120, 47 Atl. 398. It is true, that, by the rule there broadly and without qualification stated, the defendant would be liable, if, when it became apparent that the plaintiff was going upon the track, its servants did not do what they could to avoid injuring him, notwithstanding he was negligent; but this is not the true rule, or rather is not all there is to the rule. It is true, that, when a traveller has reached a point where he cannot help himself, cannot extricate himself, and vigilance on his part will not avert the injury, his negligence in reaching that position becomes the condition and not the proximate cause of the injury, and will not preclude a recovery; but it is equally true, that, if a traveller, when he reaches the point of collision, is in a situation to help himself, and by a vigilant use of his eyes, ears and physical strength to extricate himself and avoid injury, his negligence at that point will prevent a recovery, notwithstanding the fact that the trainmen could have stopped the train in season to have avoided injuring him. In such a case, the negligence of the plaintiff is concurrent with the negligence of the defendant, and the negligence of each is operative at the time of the accident. When negligence is concurrent and operative at the time of the collision and contributes to it, there can be no recovery.

*Judgment reversed, and cause remanded.*