RAYMOND AIKEN v. OLIVER METCALF.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*Negligence—Last Clear Chance Doctrine—When not Applicable*
*—Automobiles—Intersection of Highways.*

The last clear chance rule does not apply where the plaintiff's negligence is concurrent and of the same degree as that of the defendant; and a requested instruction, in an action in tort for negligence, which permits the jury to find a verdict for plaintiff, although his negligence may have proximately contributed to his injury, was properly refused.

The intersection of a path across a village common with a highway is not an intersection of highways within the meaning of P. S. 4094, as amended by No. 147, Acts of 1912, requiring a warning signal to be given by one in control of an automobile, on approaching it.

*Willey* v. *B. & M. R. R.*, 72 Vt. 120, overruled.

CASE FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the September Term, 1916, Orleans County, *Stanton*, J.,

presiding.   Verdict and judgment for defendant.   Plaintiff excepted.   The opinion states the case.

*Cook & Norton* for plaintiff.

*J. W. Redmond* for defendant.

MILES, J.   This is an action to recover damages for an alleged injury to the plaintiff, occasioned by the defendant's negligence in operating an automobile.   The injury occurred on a street in the village of Irasburg, running northerly and southerly along the easterly side of the common in that village.   At the time of the injury, the plaintiff was crossing the street diagonally on foot in a northwesterly direction, intending to cross the common in a beaten path used for that purpose and when struck by defendant's car was west of the center of the street, which was from twenty-five to thirty-five feet wide.   Just before the accident, the plaintiff came out of a store on the east side of the street, looked north and south, saw no team, auto or person in the street, traveled northerly on the sidewalk or platform of the store about fifty or sixty feet and then started to cross the street as stated above and in doing so looked neither to the north nor south for approaching teams or autos, except only so far as he could see without turning his head.   Just before the accident, the defendant was on the westerly side of the common and in coming onto the street on the easterly side of the common he first went south to the southwesterly corner of the common, then turning easterly came to the southeasterly corner of the common, where he turned northerly onto the street in which the accident occurred, about two hundred feet south of where the plaintiff attempted to cross it.   As he came onto that street, there was nothing to prevent his seeing the plaintiff while attempting to cross the street, if he had looked.   He admitted that he did not blow the horn or give any signal, in making the sharp turns at the southwest and southeast corners of the common and did not see the plaintiff until just before the collision and not in season to avoid it.   The plaintiff's testimony tended to show that he did not see the automobile until about the time he was struck by it and not in time to avoid it.

The case was tried by jury and verdict and judgment were   rendered   for   the   defendant.   Only   two   exceptions

were reserved by the plaintiff, the first of which was a request to charge as follows: "If you find the plaintiff was negligent in attempting to cross the street at the time he did, and you find the defendant, had he been looking, would have discovered the plaintiff when he had reached a place of danger and had been able to avoid him, then the plaintiff would be entitled to recover," which the court refused. The plaintiff based this exception upon the last clear chance rule and upon no other ground. There is more or less confusion, if not conflict, in the treatment of this subject by the courts in different jurisdictions; but this Court is committed to the doctrine that the last clear chance rule cannot be invoked where the negligence of the plaintiff is concurrent with that of the defendant. The law on that subject, as recognized in this State, is well stated in *French* v. *Grand Trunk Ry. Co.*, 76 Vt. 441, 58 Atl. 722, that when a traveller has reached a point where he cannot extricate himself and vigilance on his part will not avert the injury, his negligence in reaching that position becomes the condition and not the proximate cause of the injury and will not preclude a recovery, but that it is equally true that if a traveller, when he reaches the point of collision, is in a situation to extricate himself and avoid injury, his negligence at that point will prevent a recovery, notwithstanding the fact that the trainmen could have stopped the train in season to have avoided injuring him. The rule that if the plaintiff's negligence proximately contributes to his own injury he cannot recover, is so well settled in this State that it needs no citation of authorities upon that point, and therefore the last clear chance rule can never apply where the plaintiff's negligence is concurrent with and of the same degree as that of the defendant. A charge as requested by the plaintiff would justify the jury in finding for him, though his negligence may have proximately contributed to his own injury. That the plaintiff cannot recover when his negligence is concurrent with and of the same degree as that of the defendant, is also shown in *Trow* v. *Vt. Central R. R. Co.*, 24 Vt. 487, 58 Am. Dec. 191, in which the authorities upon that subject are collected and commented upon. The only case in this State in conflict with the rule laid down in *French* v. *Grand Trunk Ry. Co.*, *supra*, is *Willey* v. *B. & M. R. R.*, 72 Vt. 120, 47 Atl. 398. In that case, *Trow* v. *The Central Vt. R. R. Co.*, *supra*, is cited in support of the conclusions reached in the Willey case;

but, as we have seen, the Trow case does not support the Willey case.

In the Willey case the holding would permit a recovery when the negligence of the plaintiff was concurrent with that of the defendant. That case makes the negligence of the defendant the controlling factor in the consideration of his liability, regardless of the plaintiff's negligence. In the French case the Court comments upon the Willey case and impliedly, at least, overrules it. The Willey case has never been relied upon by this Court since it was promulgated, as an authority for the law stated in the opinion. *French* v. *Grand Trunk R. R. Co., supra; Flint's Admr.* v. *Central Vt. Ry. Co.,* 82 Vt. 269, 73 Atl. 590. The Willey case does not state the law as this Court understands it, and, as it is sometimes referred to in briefs of attorneys, we take this occasion to expressly overrule it. There was no error in the court's refusal to charge as requested.

The other exception of the plaintiff was as follows: "The plaintiff excepts as to the charge of the court which eliminates the sounding of the horn as being a matter of negligence, because the plaintiff claims that the pathway across a highway and common was an intersection of the highway under the statute." The plaintiff argues that this last exception is to the court's failure to charge respecting the defendant's neglect to sound the horn or give any other signal before making the turn at the southeast corner of the common. The defendant argues that that question is not raised by the exception taken, and that the only exception saved by the plaintiff with respect to giving a signal is to the court's failure to charge that the path across the highway and common was an intersection of highways and that it was the duty of the defendant to sound the horn on approaching that crossing. We think the exception taken was not to the court's failure to charge that it was the duty of the defendant to sound the horn on approaching the southeast corner of the common, but was to the court's failure to charge that it was the defendant's duty to sound the horn on approaching the pathway crossing. The reason stated as the ground of the exception shows that the exception related to the crossing and nothing else, and the court was justified in so understanding it.

There was no error in the court's omission to charge that the path across the highway and common was an intersection of highways within the meaning of the statute and that it was the

duty of the defendant to give a signal on approaching it; for it was not an intersection of highways, requiring the defendant to give a signal on approaching it.

*Judgment affirmed.*