GEORGE LAMOUNTAIN'S ADMX. *v.* RUTLAND RAILROAD COMPANY.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1918.

*Railroads—Injuries at Crossing—Negligence—Contributory Negligence—Proximate Cause—Last Clear Chance—Right of Trainmen—Duty of Trainmen—Erroneous Instruction on Issue not in Case Harmless.*

Where the least watchfulness on the part of one engaged in putting snow on a railroad crossing would have saved him from being struck by an approaching train, and his negligence was continuous and operative to so near the instant of collision that neither he nor the trainmen could avoid it, the last clear chance doctrine does not apply, and a suit cannot be maintained for his death.

No action will lie when the negligence of the plaintiff and defendant proximately cooperate in producing the injury complained of.

The plaintiff, though negligent, may recover when his own negligence is remote and that of the defendant proximate. In such case the doctrine of the last clear chance or discovered peril applies.

The fact that defendant's trainmen saw plaintiff's intestate approaching the crossing, and understood what he was doing, and had him under observation some time before the train struck him, is not conclusive against it, as they had the right to assume that he

would get off in time and not stop in front of the approaching train, and were not called upon to act until they appreciated his peril.

Trainmen who see and appreciate the peril of a person on the track ahead of them, must do everything possible with the means at hand to avoid an accident.

An instruction that, if there was sufficient time after plaintiff's intestate discovered his peril and sought safety, for defendant's trainmen, by the exercise of the care of a prudent man, to have saved him, the defendant was liable, was error, as their duty to act arose prior to the time specified by the court.

An erroneous instruction on an issue not properly in the case is harmless error.

ACTION OF TORT for negligence. Plea, the general issue. Trial by jury at the March Term, 1916, Rutland County, *Fish,* J., presiding. Verdict, and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*M. C. Webber* and *J. P. Leamy* for the plaintiff.

Although a person injured at a railroad crossing may be guilty of negligence which to some extent contributes to his injury, yet the railroad company is liable if notwithstanding such contributory negligence, it could by the exercise of ordinary care and diligence have avoided the injury but fails to do so, after it sees or knows of such person's peril in time to avert the injury, or, by the weight of authority, after it discovers or by the exercise of reasonable care might discover the injured party's peril in time to avert the injury. *Trow* v. *C. V. R. R.,* 24 Vt. 485; *Templeton* v. *Montpelier,* 56 Vt. 328; *Yeaton* v. *B. & M. R. R.* (N. H.) 61 Atl. 522; *B. & O. Ry. Co.* v. *Anderson,* 85 Fed. 413; *Flint* v. *C. V. Ry. Co.,* 82 Vt. 269; *Dervin* v. *Frenier,* 91 Vt. 398; *Nehring* v. *Connecticut Co.* (Conn.) 84 Atl. 301; *Lindsay* v. *C. P. R. R. Co.,* 68 Vt. 556; *Starch* v. *Pac. Elec. Ry. Co.* (Cal.) L. R. A. 1916 E, 58; *Nicol* v. *Oregon, Wash. R. & Nav. Co.,* 43 L. R. A. (N. S.) 174; *Tyrrel* v. *B. & M. R. R.* (N. H.) 91 Atl. 179; *Elliott* v. *N. Y. N. H. & H. R. R.* (Conn.) 76 Atl. 298; *Stearns* v. *B. & M. R. R.* (N. H.) 71 Atl. 21.

*Lawrence, Lawrence & Stafford* for the defendant.

POWERS, J.   On January 5, 1915, George LaMountain was engaged in unloading coal from a car standing on the defendant's siding near the Temple crossing in the city of Rutland. He was using sleds, and at the moment of the accident here involved he was snowing the crossing to facilitate his work.   He obtained snow at a point about 20 feet north of the track, carried it on a shovel to the place where he wanted it, deposited it there, and went back for more.   While he was thus engaged, the defendant's train, approaching from the west, struck him, and inflicted injuries from which he died.   The Temple crossing is the place where West street crosses both the Delaware & Hudson tracks and those of the defendant.   To the west of it, the defendant's track is straight for more than half a mile, but when a person is standing at the place where LaMountain obtained the snow, his view to the west is somewhat obstructed by a large rock projecting from the bank.   There was no gate or flagman at the crossing, and the plaintiff's evidence tended to show that the bell was not rung, and that the whistle was not sounded except at the whistling post 80 rods away.   As the train approached the crossing, the engineer was in his seat on the right-hand side of the cab, the fireman was at work at his fire, and the head brakeman was in the fireman's seat on the left-hand side of the cab.   The engineer and brakeman saw LaMountain, and understood what he was doing.   As the train continued to approach the crossing, LaMountain passed back and forth from the snow bank, and finally passed out of the engineer's range of vision, being cut off by the front end of the engine.   But the brakeman saw him longer, and made no effort to warn the engineer of his peril until he approached the track the last time, and was 10 or 12 feet from it.   Then, immediately, the brakeman shouted and motioned to the engineer to stop, but it was too late.   LaMountain discovered his peril and attempted to escape it, but was unable to do so. .

The engine carried no pilot, but was equipped with a running board or step across the front, which extended at each end about a foot further than a pilot would, but not as far as other parts of the front end of the engine.   It was but a few inches above the track, and the evidence indicated that it was what actually hit LaMountain as he was trying to get out of the way.   The train consisted of nine cars and was running rapidly. The Temple crossing is on the most direct route from the city

of Rutland to Center Rutland and Proctor, and there is much traffic over it.

Four grounds of negligence were charged as follows: (1) Failure to maintain a gate or flagman; (2) failure to signal by whistle or bell; (3) excessive speed; (4) running an engine equipped with such a running board. A motion for a directed verdict in behalf of the defendant was overruled, and the case was submitted to the jury on the doctrine of the last clear chance only. The verdict was for the defendant. Both parties saved exceptions, but the case is before us only on exceptions taken by the plaintiff.

Exception was taken to the ruling of the court limiting the issues as above stated. In this there was no error. So far as the first and fourth grounds of negligence above stated are concerned, it is enough to say that the evidence was not sufficiently strong or specific to warrant a finding of actionable negligence predicated thereon. However the facts may have been, the evidence was insufficient to require submitting it to the jury.

Assuming that the evidence on the other grounds tended to show that the defendant was culpably negligent, it is plain from the record that LaMountain was guilty of contributory negligence which as matter of law barred this action, unless it was saved by the doctrine of the last clear chance. So far we find no difficulty. LaMountain remained in utter ignorance of the approach of the train until it was right upon him. The least watchfulness for his own safety while engaged on the crossing would have saved him. Not only is this so, but the evidence was such that there was no room for the application of the last clear chance doctrine, and the motion for a verdict should have prevailed. In other words, LaMountain's negligence was continuous and operative clear down to the instant of the collision, or so near thereto that neither he nor the trainmen could avert it.

That no action will lie when the negligence of plaintiff and defendant proximately co-operate in producing the injury complained of is firmly established in our decisions. *Trow* v. *Vt. Cent. R. R. Co.,* 24 Vt. 487, 58 Am. Dec. 191; *French* v. *Grand Trunk Ry. Co.,* 76 Vt. 441, 58 Atl. 722; *Aiken* v. *Metcalf,* 92 Vt. 57, 102 Atl. 330. This is so because contributory negligence is always a defence to actions of this character; and negligence is contributory in a legal sense when, and only when, it is a proximate cause of the injury.

But it is equally well settled that a plaintiff may, in some circumstances, recover though negligent. This is so when his negligence is remote and that of the defendant proximate. Such cases furnish opportunity to apply the doctrine of the last clear chance or discovered peril. This doctrine presupposes a perilous situation created or existing through the negligence of both plaintiff and defendant, so that under the general rule neither could sustain an action against the other for consequential damages. It also assumes that there was a time after such negligence had taken place when the defendant could, and the plaintiff could not, by use of the means available avert the accident. In such cases, the negligence of the parties in creating the situation is remote and not proximate. *Trow* v. *Vt. Cent. R. R. Co., supra; French* v. *Grand Trunk Ry. Co., supra; Flint's Admr.* v. *Cent. Vt. Ry. Co.,* 82 Vt. 269, 73 Atl. 590.

In the case before us, the trainmen saw LaMountain, and had him under observation for some time before the collision took place. But this is not conclusive against the defendant. The cases show that they were not called upon to take action for his safety until they appreciated his peril or it was so obvious that they will be taken to have appreciated it. This last feature of the rule is recognized in *Magoon* v. *Boston & Maine Railroad,* 67 Vt. 177, 31 Atl. 156; *Flint's Admr.* v. *Cent. Vt. Ry. Co., supra,* and *Seviour's Admr.* v. *Rutland R. R. Co.,* 88 Vt. 107, 91 Atl. 1039.

Not only was LaMountain's negligence operative at the moment of the accident, but there was no evidence in the case fairly and reasonably tending to show that the defendant's servants, after they realized, or ought to have realized, LaMountain's peril failed to do all in their power to save him. When the brakeman saw he was going onto the track that last time, he acted promptly; the engineer acted as promptly in response to his warning. That either could have done more at that time is not shown. Nor can it be said that these men ought to have sooner understood that LaMountain was going onto the track ahead of the engine. When they first saw him, the law did not require them to act upon the assumption that he was going to be or remain on the track until their train reached the crossing. For a time, they had a right to assume that he would get off in time, and not stop in front of the approaching train. *Guilmont's Admr.* v. *Cent. Vt. Ry. Co.,* 78 Vt. 185, 62 Atl. 54. Just when,

just at what point in their approach, trainmen so situated ought to appreciate the peril is frequently, if not usually, a question for the jury. But here the evidence was all one way, and did not present a jury question.

We note in passing that, in defining the duty of trainmen who see and appreciate the peril of a person on the track ahead of them, various forms of expression are to be found in the books. Some say they must use the care of a prudent man. Some of our own cases use this language. The court below used it in the charge. Some say that they must make reasonable use of the means at hand. Still others say they must do their utmost. These forms of statement, rightly understood, mean the same thing. They must do everything possible with the means at hand. Nothing short of this is making a reasonable use of such means; nothing short of this is using the care of a prudent man.

In discussing the last clear chance rule, the court instructed the jury that if there was sufficient time, after LaMountain turned to go from the track, for the trainmen, by the exercise of the care of a prudent man, to have saved him, the defendant was liable. This instruction in variant forms was several times repeated. The time when the trainmen's duty to act arose was thus fixed at the point of time when LaMountain discovered his own peril and sought safety. This was error, for, as we have seen, the rule is that they must act as soon as they appreciate, or ought to appreciate, his peril. Obviously these points of time are not necessarily coincident. In this very case the evidence is that the brakeman appreciated the peril when LaMountain was 10 or 12 feet from the track. The latter did not discover his own peril until he was actually on the track. So the trainmen's duty to act arose prior to the time specified by the court.

It remains, however, to consider whether it is made to appear that this error was prejudicial to the plaintiff. As we have said, a verdict for the defendant should have been ordered; and while that question is not presented for review, the fact stands for consideration in deciding whether the error found was harmful. The court gave the plaintiff more than she was entitled to; the submission of the issue under the last clear chance rule was a mere gratuity to her. If that issue was properly in the case, the error would have been prejudicial; but inasmuch as

there was no question for the jury, the erroneous instruction did not prejudice her case.

*Judgment affirmed.*