[Civ. No. 7944. First Appellate District, Division Two.—February 10, 1932.]

GUSSIE RICHARDSON et al., Appellants, v. GUISEPPE RIBOSSO, Respondent.

F. W. Sawyer for Appellants.

Redman, Alexander & Bacon and George J. Zech for Respondent.

NOURSE, P. J.—Plaintiffs sued for personal injuries to Herman Work, a minor. The cause was tried with a jury and defendant had a verdict. Plaintiffs appeal upon a bill of exceptions.

The single question presented on the appeal is the sufficiency of the evidence to justify the verdict. It is the contention of appellants that the evidence discloses negligence on the part of defendant, a want of contributory negligence on the part of the minor, and that the defendant had the last clear chance to avoid the injury. As the jury found adversely to appellants it is sufficient to make but a short statement of the evidence and in this statement we must, of course, give to the respondent the most favorable construction of the testimony where any conflict arises.

At about 4 o'clock in the afternoon of January 24, 1929, the defendant was driving his automobile in a southerly direction on York Street in the city and county of San Francisco, and when he had reached the middle of the block between Twenty-first and Twenty-second Streets the minor, who was standing in a place of safety on the easterly sidewalk, suddenly started to run obliquely across the street in a southwesterly direction, and while so running, and without looking in the direction in which he was traveling, he ran into the left side of defendant's automobile, striking it at a point near the left rear wheel. The boy was seven years of age, in good health and mentally bright and active. The defendant saw the boy while he was playing on the easterly sidewalk with other children; saw him suddenly dart across the street, but the defendant continued along his course at a speed of about ten miles per hour and did not sound his horn or give any other signal of danger. The reasonable inference to be drawn from this evidence is that, after the defendant had passed the course upon which the boy was traveling, he had no reason to anticipate that the boy would continue without looking, and this inference is

fully supported by the boy's own testimony to the effect that before he started across the street he saw defendant's car approaching.

Manifestly the evidence supports the verdict on the want of negligence on the part of respondent, but the total absence of care on the part of the minor is so apparent that the jury's finding of contributory negligence on his part is alone sufficient to support the verdict. In this respect the case is controlled by *Dullanty* v. *Smith,* 203 Cal. 621, 627 [265 Pac. 814], and *Moeller* v. *Packard,* 86 Cal. App. 459, 464 [261 Pac. 315].

■ Upon this issue of contributory negligence it is suggested that the minor was of such tender years that he was not chargeable with contributory negligence. The rule is that though negligence will not be imputed to a child of tender years the question of the capacity of the particular child to exercise care in avoiding a particular danger is one of fact to be left to the jury. (*Graham* v. *Consolidated Motor Transport Co.,* 112 Cal. App. 648 [297 Pac. 617], where cases are cited.) In support of the verdict we must assume that the jury found the child capable and that his want of care under the circumstances was negligence.

■ Finally it is argued that the respondent had the last clear chance to avoid the injury and that we should, therefore, hold this to be true, notwithstanding the jury's verdict. It is not suggested that this issue was not properly placed before the jury by competent evidence and by proper instructions. The point now raised is simply that we should disregard the finding of the jury and conclude from this evidence that the respondent had the last clear chance to avoid the injury and failed to exercise it. The evidence, however, does not bring the case within the rule where the last clear chance doctrine becomes applicable, a rule which limits its application to a case where the person injured is known to be in a place of peril from which he cannot extricate himself by the exercise of ordinary care. On this point the Supreme Court in *Young* v. *Southern Pac. Co.,* 189 Cal. 746, 755 [210 Pac. 259, 262], said: "Obviously, if both parties to an accident could, by the exercise of ordinary care, have avoided it, neither can be said to have had the last clear chance. It is only when a defendant charged with the negligent infliction of the

injury, knowing plaintiff's peril, could and the injured plaintiff could not have avoided the injury that the defendant is liable. The liability is placed upon the party inflicting the injury only if immediately before the actual infliction of the injury the injured person was in such a situation as to be unable by the exercise on his part of reasonable and ordinary care to extricate himself and vigilance on his part would not have averted the injury. (*French* v. *Grand Trunk Ry.*, 76 Vt. 441 [58 Atl. 722] ; *Young* v. *Southern Pac. Co.*, *supra.*) ''

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.