CURTIS, J.
 

 This is an appeal from a judgment against the plaintiffs in a personal injury action brought by the two
 
 *725
 
 plaintiffs, father and minor son, against the defendants. Defendant Barbara Mallory is a minor, and the two other defendants are her parents. The injuries were sustained by the minor plaintiff by being run over by an automobile driven by Barbara Mallory. The automobile was owned by her parents at the time of the accident, and they also had signed the application of Barbara Mallory to the state motor vehicle department for a driver’s license. In their appeal from the judgment against them, the plaintiffs contend that the evidence was insufficient, to support the verdict of the jury and the judgment based upon said verdict, and that the court erroneously instructed the jury.
 

 The rule respecting the powers of an appellate court in reviewing the evidence on appeal from a judgment on the ground of the insufficiency of the evidence to support the judgment has been so often stated by this court that a repetition of said rule at this time would seem unnecessary. A recent statement of that rule by this court is reported in the case of
 
 Bellon
 
 v.
 
 Silver Gate Theatres, Inc.,
 
 4 Cal. (2d) 1, 13 [47 Pac. (2d) 462], It will suffice for the purpose of this appeal to merely repeat what is there said in reference to said rule. In that case the rule was stated in the following language: “In reviewing the evidence on such appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. ’ ’
 

 With this rule to guide us, we will proceed to an examination of the record for the purpose of ascertaining whether there is any substantial evidence therein to support the judgment in this case. The accident happened on the Alto bridge in Marin County at about 4 o’clock in the afternoon of December 5, 1934. The plaintiff minor, 12 years of age Avith other boys of about his own age, was Avalking along said bridge Avhen an electric train passed under the bridge. The boys went to the side of the bridge
 
 *726
 
 to look at the train. John Baggio, the minor plaintiff, stepped upon the wooden curb or wheel guard which was constructed along the side of the bridge adjacent to the roadway over the bridge. It was about six inches high and the same in width. There was a railing along the side of the bridge something like three feet in height. John Baggio stood on this curb, leaned over the railing and watched a train passing under the bridge. Barbara Mallory with her mother was driving over the bridge. When they entered upon the bridge the speed of their machine was between 35 and 40 miles an hour. This speed was reduced to between 25 and 30 miles per hour immediately after they drove upon the bridge, and this speed was maintained up to the time of the accident. At a point 150 to 200 feet from the boys, the driver of the automobile saw the boys and at that time John Baggio was leaning over the railing evidently watching the train. When within 20 to 30 feet from him, the driver of the car sounded her horn two to four times. None of the boys gave any indication that he heard the horn, but one of them testified that he heard it: Just as the car arrived opposite John Baggio, he suddenly jumped back into the path of the ear and was run over and injured. Immediately before John jumped off the curb, he had been throwing littie clods of earth on the train. One of these clods of earth hit the train, and John jumped back, apparently to keep the conductor of the train from seeing him. The Alto bridge is 760 feet in length and the paved portion thereof is 21 feet in width with a white line down the center thereof. At and immediately prior to the accident, the machine operated by Barbara Mallory was being driven midway between this white, line and the six-inch curb along the north side of the bridge. Another car was approaching the scene of the accident from the opposite direction from which the Malloiy car was being driven at the time of the accident. The theory upon which the plaintiffs based their ease was that John was struck while standing on the six-inch curb and that he neither stepped down nor jumped from the curb immediately before being struck by the automobile. The verdict of the jury against plaintiffs has eliminated this evidence from our consideration. The contention of plaintiffs that the evidence fails in any substantial measure to support the judgment is predicated in the main upon the fact that John Baggio was a minor and due to that fact the conduct of Barbara Mallory
 
 *727
 
 in the operation of the car that ran over John Baggio shows that she ivas negligent and that the minor was free from any act of negligence which contributed to his injury.
 

 The plaintiffs, who will be referred to hereafter as appellants based their contention that the judgment is lacking in evidentiary support upon the fact that John Baggio, the minor appellant, was at the time of the accident a boy of the age of 12 years only, and therefore a greater degree of care was required of the driver of the car in approaching the point on the bridge where he was standing than if he had been an adult, and that said minor on account of his age, and the circumstances under which he was injured, was not guilty of negligence.
 

 If the driver of the Mallory machine was negligent in the operation of the car she was driving then the plaintiffs were entitled to recover unless the minor was guilty of contributory negligence which proximately caused his injuries. It is unnecessary to discuss the question as to whether the driver of the Mallory car ivas negligent, as we are convinced that the implied finding of the jury that the minor was guilty of negligence which was the proximate cause of his injury finds ample support in the evidence.
 

 The irresistible conclusion that must be drawn from the evidence is that the sole cause of the minor’s injury was his sudden jumping backward just as the car arrived opposite the place where he was standing. There is no doubt that had John Baggio been a person of mature years he would have been held to be guilty of negligence.
 
 (Hatzakorzian
 
 v.
 
 Rucker-Fuller Desk Co.,
 
 197 Cal. 82, 95 [239 Pac. 709, 41 A. L. R. 1027].) He left a position of safety on the six-inch curb and without warning and without looking to see whether any vehicles were approaching, heedlessly stepped or jumped back into the path of the approaching car. The minor was then 12 years of age and of normal intelligence of a boy of that age. He lived in the vicinity in which the bridge was located. He knew it was a part of the main highway and was familiar with the automobile traffic passing over the bridge. Under these circumstances he was subject to the doctrine of contributory negligence.
 
 (Moeller
 
 v.
 
 Packard,
 
 86 Cal. App. 459 [261 Pac. 315];
 
 Richardson
 
 v.
 
 Ribosso,
 
 120 Cal. App. 641 [8 Pac. (2d) 226];
 
 Studer
 
 v.
 
 Southern Pac. Co.,
 
 121 Cal. 400 [53 Pac. 942, 66 Am. St. Rep. 39];
 
 De Nardi
 
 V.
 
 Palanca,
 
 120 Cal. App. 371 [8 Pac. (2d) 220];
 
 Greeneich
 
 
 *728
 
 v.
 
 Knoll,
 
 73 Cal. App. 1 [238 Pac.
 
 163];
 
 2 Cal. Jur. Ten-year Supp., secs. 277, 278, pp. 441, 443, 445.)
 

 In the case of
 
 Moeller
 
 v.
 
 Packard, supra,
 
 it was held that a girl eight and one-half years of age was guilty of contributory negligence in suddenly running in front of an automobile traveling upon the highway. In that case the court on page 467 of its opinion quoted with approval the following statement from Beach on Contributory Negligence: “ ‘It is a question of capacity and it has been found a very difficult question, and has been, in many cases, a very fruitful source of controversy as to what age is sufficient to constitute an infant
 
 sui juris.
 
 Unless the child is exceedingly young it is usually left to the jury to determine the measure of care required of the particular child in the actual circumstances of the case. Where there is no doubt as to the capacity of the child, at one extreme or the other, to avoid damage, the court will decide it as a matter of law.’ (Beach on Contributory Negligence, see. 117.) ”
 

 In the case of
 
 Richardson
 
 v.
 
 Ribosso, supra,
 
 the injured minor was only seven years of age. He suddenly ran across the street upon which the defendant was traveling and ran into the automobile driven by the defendant in that action. He was held to be guilty of contributory negligence. In its opinion the court on page 643 states, “the total absence of care on the part of the minor is so apparent that the jury’s finding of contributory negligence on his part is alone sufficient to support the verdict. In this respect the case is controlled by
 
 Dullanty
 
 v.
 
 Smith,
 
 203 Cal. 621, 627 [265 Pac. 814], and
 
 Moeller
 
 v.
 
 Packard,
 
 86 Cal. App. 459, 464 [261 Pac. 315].”
 

 Appellants rely upon
 
 Scandalis
 
 v.
 
 Jenny,
 
 132 Cal. App. 307, 310 [22 Pac. (2d) 545], and
 
 Soda
 
 v.
 
 Marriott,
 
 118 Cal. App. 635 [5 Pac. (2d) 675]. In the first of these two eases the injured minor was only three years of age and in the second he was four and one-half years of age. Evidently the same rules would not apply to an intelligent boy twelve years old as were applied to these children three and four and one-half years old respectively. The other eases cited by appellant are equally inapplicable to the facts in this case as the two just mentioned.
 

 As the jury in the present case impliedly found that the injured minor was guilty of contributory negligence and therefore could not recover in this action and as there is
 
 *729
 
 substantial evidence in the record to sustain the verdict of the jury, the judgment based upon this verdict should not be disturbed on the ground of the insufficiency of the evidence to support it.
 

 Appellants further contend that two instructions given by the trial court upon the respondents’ request were erroneous and that the giving of each of these instructions was prejudicial to the substantial rights of the appellants. In one of said instructions the jury was instructed on the doctrine of imminent peril. It is contended that there was no evidence in the case supporting this instruction. Conceding this to be so, the instruction related solely to the acts of the driver of the car and the claim of appellants that it was negligently operated. It was not in any way directed to the question of the contributory negligence of the minor appellant. The appellants were not therefore prejudiced by the giving of this instruction even if it was unsupported by the evidence.
 

 The same may be said as to the other instruction which the appellants contend was prejudicially erroneous. In this instruction the jury was told that Barbara Mallory, the driver of the car, was presumed to have exercised ordinary care and obeyed the law immediately prior to and at the time of the accident. This instruction under a state of facts similar to that disclosed by the evidence in this ease has frequently been criticized by the courts of this state.
 
 (Paulsen
 
 v.
 
 McDuffie, 4
 
 Cal. (2d) 111, 119 [47 Pac. (2d) 709];
 
 Tyson
 
 v.
 
 Burton,
 
 110 Cal. App. 428 [294 Pac. 750];
 
 Mundy
 
 v.
 
 Marshall,
 
 8 Cal. (2d) 294 [65 Pac. (2d) 65];
 
 Kelly
 
 v.
 
 Fretz,
 
 19 Cal. App. (2d) 356 [65 Pac. (2d) 914].) In the case of
 
 Tuttle
 
 v.
 
 Crawford,
 
 8 Cal. (2d) 126 [63 Pac. (2d) 1128], the majority opinion holds that the giving of an instruction similar to the one here under discussion “worked no serious prejudice to the defendant, and we affirm the judgment”. In the dissenting opinion in that ease an opposite conclusion was reached. However, the instruction in the present case was proposed by the respondents in support of their contention that, they were not guilty of negligence. It was not directed to the acts of the minor and had no bearing whatever upon the claim that he was guilty of contributory negligence. Admitting that the giving of the instruction was erroneous, it cannot be held to have been prejudicial.
 

 
 *730
 
 In our opinion the judgment is supported by the evidence, and the appellants were not prejudiced by the giving of the criticized instructions.
 

 The judgment is affirmed.
 

 Langdon, J., Edmonds, J., Shenk, J., Houser, J., and Nourse, J.,
 
 pro tem.,
 
 concurred.
 

 Rehearing denied.