[Civ. No. 12461. First Dist., Div. One. Apr. 19, 1944.]

ANNA WILLMAN, Appellant, v. GUS GUSTAFSON, Respondent.

W. Melville Holden for Appellant.

Gus L. Baraty for Respondent.

PETERS, P. J.—This appeal approaches the frivolous. The action was commenced by plaintiff, defendant's former housekeeper, to recover the alleged reasonable value of her services over a period of four and one-half years. The trial court found that plaintiff had been fully paid for her services, and, accordingly, gave judgment for defendant.

The theory of plaintiff, at the trial and on this appeal, is that she came to work for defendant on March 1, 1935, as his housekeeper; that she continued in defendant's employ for about four and one-half years; that neither at the time of the employment nor at any other time during the employment was any definite agreement entered into as to compensation; that under such circumstances, plaintiff having admittedly performed services for defendant at his request, defendant is now obligated to pay her the reasonable value of such services, which she claims to be $75 a month.

It is no doubt the law that where services are rendered by one person at the request of another, and the promisor and promisee are not related, a promise to pay the reasonable value of such services will be implied. It is also the law, and admitted to be such by appellant, that no such prom-

ise can be implied if there is a special agreement to pay a fixed sum. It may be conceded that plaintiff testified to facts which, if believed by the trier of the facts, would have supported findings in her favor on her theory of the case. The difficulty is that her testimony was directly contradicted by defendant and others, and that this evidence supports the finding that plaintiff has been fully paid for all services rendered.

On such an appeal all conflicts must be resolved in favor of the respondent and all legitimate and reasonable inferences indulged in to support the judgment, if possible. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]; *Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1 [47 P.2d 462]; *Raggio* v. *Mallory*, 10 Cal.2d 723 [76 P.2d 660]; *Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

Keeping this elementary rule in mind, and disregarding all conflicts in the evidence, the record shows the following in support of the judgment: In February of 1935 defendant advertised for a housekeeper. The advertisement was not produced, but it was admitted that it stated, among other things, "good home and small wages." Defendant's wife had died a short time before. He owned several pieces of rent-producing property, was crippled, and was the recipient of a small pension as a war veteran. He testified that plaintiff called in answer to the advertisement and agreed to come to work as his housekeeper; that at the first meeting nothing was said as to the amount of compensation that she was to be paid other than she was to receive her board and room, and some small sum; that after she had been working a couple of weeks he told her that he would pay her $10 a month; that during the period she worked for him, on three or four occasions, she complained about the rate of compensation; that he told her that $10 a month was all that he could afford to pay, "and if you don't like it you can go away and get some more somewhere else"; that "if she didn't want to work for $10, she could leave"; that he paid her $10 a month, which she accepted.

Plaintiff admitted receiving the $10 each month, but testified that it was intended merely as spending money; that several weeks after she was employed she had a conversation with defendant about her compensation; that "he asked me how much I wanted a month, and I was busy and didn't answer right away, and so he says, 'Well, it doesn't matter.

If you stay with me I will leave you everything I have and you will have a home with me as long as I live' ''; that the $10 a month was not compensation for her services; that she ''wasn't working for wages, because he had promised me I would have a home there as long as he lived, and when he passed away I was to have everything he had''; that this one conversation was the only conversation she ever had about compensation; that she had never made a demand for any sum in excess of $10 a month.

Defendant unequivocally denied this testimony. He testified that he had never promised her a home for life, and never promised to will her his property; that plaintiff had asked him to make a will in her favor, but that he had refused. A friend and a relative of defendant testified that, during plaintiff's period of employment, plaintiff had several times complained about her rate of pay and asked them to intercede with defendant to secure higher compensation.

If the testimony of defendant and his witnesses is to be believed (and it must be believed on this appeal), the case is simply one where the defendant offered plaintiff room and board and $10 a month to act as his housekeeper. This offer was accepted by plaintiff continuing to perform the services after she had been told that that was the salary, and that defendant could pay no more, and by accepting the $10 tendered each month pursuant to the offer. Under such circumstances no contract to pay the reasonable value of the services may be implied.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.