[Civ. No. 16157. Second Dist., Div. Two. Mar. 25, 1948.]

MIKE LA FLEUR, Appellant, v. HENRY HERNANDEZ et al., Respondents.

Joseph K. Coady for Appellant.

Hunter & Liljestrom for Respondents.

MOORE, P. J.—Appellant sued for damages resulting from the death of his son Harold, age 10, alleged to have been

caused by the negligence of respondents. From the judgment based upon a verdict he now demands a reversal on the grounds of (1) insufficiency of the evidence and (2) errors in giving and refusing instructions.

## EVIDENCE SUFFICIENT

Lopez was the truck driver for Hernandez. Having arrived at Santa Ana from Brawley, 186 miles distant, with 13 tons of hay at 7 a. m. he set out for Hynes to make delivery of his cargo. While headed for his destination he drove at a speed of 25 miles per hour west on Orangethorpe Boulevard. This is a concrete highway of three 10-foot lanes and a 7-foot shoulder on the north side, the south 2½ feet of which was packed oil and gravel covered with sand while the remainder was soft dirt. Visibility was perfect and no traffic came from the west. As Lopez approached Norwalk Boulevard he observed Harold La Fleur about 500 feet ahead proceeding on his bicycle also towards the west on the pavement about 1 foot from the shoulder, with his companion Richard Murphy sitting on the crossbar. The truck maintained its course in the north lane about 2 feet south of the pavement's edge as the boys veered onto the shoulder when Lopez was 150 feet east of them. For a moment. they traveled parallel to the pavement as Lopez watched them. Suddenly when the front of the truck was within 5 feet of them they swerved toward the south as though the wheel were caught in the dirt. The driver applied his brakes, turned toward the center, then back into the north lane and stopped within 115 feet. Between the time of applying the brakes and coming to a standstill Harold had fallen onto the pavement and his body crushed by the wheels of the truck or the trailer and Richard had arrived 8 or 10 feet north of the concrete and about 4 feet north of the bicycle which lay uninjured on the shoulder. The latter testified that he felt no bump against the bicycle before the accident.

There is no evidence contrary to the testimony that as the boys wheeled along on the shoulder about 3 feet from the pavement the bicycle made a sudden turn toward the pavement. Exactly what the occurrences were that then ensued is a matter for inference or conjecture. Whatever deduction the jury may have drawn with reference to the movements of the two boys it cannot be said that they were arbitrary in inferring that Lopez was not negligent. He was proceeding at a lawful rate of travel; while he was 150 feet

behind them he observed them turn onto the shoulder. Whether he should have then pulled into the center lane or have decelerated his speed, or have stopped, or have sounded his horn, were questions to be determined by the jury. The implication of appellant's argument is that the truck hit the bicycle in the rear. No marks on either the pavement or the wheel support such contention. There was no condition which required the jury to determine the conduct of Lopez negligent as a matter of law. Considering the facts with all reasonable inferences therefrom there is substantial proof to support the verdict. This conclusion terminates the labors of this court upon that subject. (*Hinkle* v. *Southern Pacific Co.*, 12 Cal.2d 691, 695 [87 P.2d 349]; *Raggio* v. *Mallory*, 10 Cal.2d 723, 728 [76 P.2d 660].)

## No Error in Refusing Instructions

■ Requested instructions 1, 2, 3, 4 and 6 were included in the court's charge. Refused instruction 5 reads as follows:

"Concerning the defense of contributory negligence that has been raised in this case, I instruct you that the law conclusively presumes that a child of the age of the plaintiff's child is incapable of contributory negligence." Such would have been error. Whether a child is guilty of contributory negligence is a question of fact for the jury. ■ The driver of the truck was justified in assuming that before returning to the pavement from the shoulder the children would look first to ascertain whether a motor vehicle was approaching. Certainly there was no presumption that the driver while proceeding with care was required to indulge the presumptions that other persons using the highway would be negligent or not intelligent. (*Moeller* v. *Packard*, 86 Cal.App. 459, 472 [261 P. 315]; see *Hoy* v. *Tornich*, 199 Cal. 545, 554 [250 P. 565]; *Richardson* v. *Ribosso*, 120 Cal.App. 641, 642 [8 P.2d 226].) ■ Unless a child is of exceedingly tender years the measure of care required of it is usually left to the jury for determination. (*Todd* v. *Orcutt*, 42 Cal.App. 687, 690 [183 P. 963].) ■ Section 26 of the Penal Code providing that a child under the age of 14 is incapable of committing crime has no application in a civil action. ■ Instruction 7 effectually takes from the jury the question of what has been established and tells the jury that an inference arises from the accident as proved that Lopez was negligent. It then directs the jury to seek out evidence that might outweigh such inference and declares that it was incumbent

upon defendant to rebut the inference. This would have been clearly erroneous. ■ Number 8 advises the jury that even though they should find that little Harold came to his death by an accident they still must find that an inference arises that it resulted from the negligence of defendant. This is an erroneous statement of the law.

### INSTRUCTIONS GIVEN NOT PREJUDICIALLY ERRONEOUS

■ Instruction 9 is a succinct statement of the doctrine that the mere occurrence of an accident does not support an inference that any party was negligent, as declared in *Van DerHoof* v. *Chambon,* 121 Cal.App. 118, 123 [8 P.2d 925], and *Diamond* v. *Weyerhaeuser,* 178 Cal. 540, 542 [174 P. 38]. Number 10 is taken from BAJI* (59) and was approved in *Stroud* v. *Hansen,* 48 Cal.App.2d 556, 562 [120 P.2d 102]. Numbers 11 and 12 are commonly used BAJI forms and were approved in *Temple* v. *DeMirjian,* 51 Cal.App.2d 559, 564 [125 P.2d 544].

■ Number 13 reads as follows: "Plaintiff's son, as a bicycle rider, was not required to look back for vehicles approaching from behind to avoid collisions, or to avoid being run over from behind, *but, as I have already told you, a bicycle rider is required to exercise ordinary care at all times to avoid placing himself or others in danger and to avoid a collision.*" The italicized clause was supplied by the court and it states the law. (Veh. Code, § 452.)

■ Number 14 consists of section 596.5, Vehicle Code, which forbids any person to ride upon any portion of a vehicle not designed for the use of passengers. It is not apparent that it prejudiced appellant. (See *Flury* v. *Beeskau,* 139 Cal.App. 398, 403 [33 P.2d 1033].)

■ Number 15 was requested by appellant. It refers to violations of code sections as negligence *per se* and emphasizes that a motorist's disregard of a statute does not prevent his recovery unless it was a proximate cause of the injury he suffered. The act of the court in inserting sections "452, 671, 544, 528 and 596.5" of the Vehicle Code made no material change in the general import of the instruction, which when presented by appellant contained reference only to section 510 forbidding the driving of a vehicle in violation of the basic speed law. The doctrine announced by the instruction is its significant feature. The sections included by the court are other penal inhibitions. ■ Moreover, under the doctrine

*California Jury Instructions, Civil.

of invited error appellant cannot attack a verdict resulting from an erroneous instruction proposed by him. (*Jentick* v. *Pacific Gas & Electric Co.,* 18 Cal.2d 117, 121 [114 P.2d 343].) The slight modification of the instruction was harmless.

▮ In instructing on the doctrine of contributory negligence the court told the jury (1) that the conduct of a child is to be considered under the standard of conduct applicable to such child, and that the latter is not accountable for its acts to the same extent as one of mature years; (2) that a child is not held to the same standard of conduct as an adult, and (3) that it is only required to exercise that degree of care which ordinarily is exercised by one of like age, mental capacity and experience. The order denying a new trial not being appealable the attempted appeal therefrom is dismissed.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied April 6, 1948, and appellant's petition for a hearing by the Supreme Court was denied May 20, 1948.

