[Civ. No. 7791. Second Appellate District, Division One.—March 22, 1934.]

KASHIKU NAKAMURA, Appellant, v. LOS ANGELES GAS AND ELECTRIC CORPORATION (a Corporation) et al., Respondents.

J. Marion Wright for Appellant.

Paul Overton, Douglas Van Dyke and Neil G. Locke for Respondents.

DESMOND, J., *pro tem.*—This appeal is from an order of the trial court granting a motion for a new trial in a case where a jury had awarded plaintiff damages in the sum of $2,500 for injuries received in an automobile accident. Appellant, conceding that the trial court is vested with broad discretion in ruling upon such a motion (2 Cal. Jur. 27), argues that in this case there was such an abuse of discretion as to warrant reversal. While the motion was based on various grounds, the decision to grant a new trial rested solely upon error in law occurring at the trial.

The plaintiff, a Japanese woman, thirty-four years of age, testified that while boarding the rear end of a street-car on North Main Street in the city of Los Angeles she was struck by an automobile, driven through the safety zone where she stood, by defendant Raines, a driver employed by defendant corporation, sustaining injuries which incapacitated her for

a long period of months and necessitated protracted treatment by a surgeon. It appeared that at the time of the accident plaintiff was employed as a barber earning considerably more than $100 per month, and that after she returned to work, approximately a year later, her earnings were practically fifty per cent less, she being unable to work as many days or for as long hours as previously. The following testimony was brought out while plaintiff's counsel was examining her through an interpreter: "Q. Why were you working at this trade—Mr. Locke: Objected to as immaterial. The Court: Sustained. Mr. Wright: The idea was to show that she was supporting herself, that's the idea. I don't want to ask leading questions, but the jury wants to know whether she was supported by someone else, and if this was pastime or necessity, for her to work. Mr. Locke: Object to that as immaterial. As an offer of proof, I will object to the offer of proof as immaterial. It is immaterial whether she was supporting herself or not. The Court: Objection sustained. Mr. Wright: I offer to prove by this witness that she had to work to support herself, and had no other means of support except by her own earnings. Mr. Locke: I object to it as incompetent, irrelevant and immaterial; not tending to prove or disprove any issues in this case, and I object to the offer. The Court: Were you married at the time of this accident? The Witness: I was separated from my husband for a while. The Court: In view of the facts, I think that the question is proper and the ruling will be set aside. Objection overruled. Read the question. (Question read by the reporter.) A. If I don't work, I won't be able to eat. Q. Were you receiving money or compensation or support except from these earnings? Mr. Locke: The same objection. The Court: Overruled. A. No, sir; just what I earned."

In the mind of the trial court, the ruling by which the straitened financial condition of the plaintiff was so permitted to be placed before the jury constituted so grave an error as to require a new trial. In view of the decisions in this state and elsewhere we cannot hold, on the facts disclosed by the transcript, that this order was an abuse of discretion. It is not contended by respondents that the amount awarded as damages was excessive, considering the nature of the injuries received and the suffering, disability and ex-

pense resulting therefrom. In fact, excessive damages was not set up as one of the grounds for a new trial. But respondents do contend that the inquiry by plaintiff's counsel which placed before the jury the fact that plaintiff had no means of support except what she earned may have created such sympathy for her in the minds of the jurors as to cause them to bring in a verdict for the plaintiff when otherwise they might have decided in favor of the defendants. It should be noted here that testimony was offered by the defendants to the effect that while plaintiff was standing in the safety zone, apparently waiting for a car, she suddenly left it to run to the curb at a time when no street-car was in or near the safety zone, and was struck by or ran into the side of defendant's automobile at a point between the safety zone and the curb. Plaintiff had testified that she was struck by the automobile as she grasped the hand-rail of the street-car.

Other points of serious difference between plaintiff's witnesses and defendants' witnesses might be cited, but to no purpose except to indicate that, according to one version plaintiff was entitled to recover and, under the other, she was not. It is conceivable that in such a situation, sympathy engendered by a realization of plaintiff's lack of financial resources might have led the jury to accept as the true story of the accident the one related by plaintiff's witnesses. As the court, speaking through Mr. Justice Lennon, said in *Ensign* v. *Southern Pac. Co.*, 193 Cal. 311 [223 Pac. 953]: "Where the element of sympathy enters into a case, the difficulty is that it is as likely to result in the giving of a verdict against the evidence of nonliability as it is to increase the verdict where a liability exists. Sympathy permeates the whole case and introduces an irrelevant factor which may result not only in the giving of an excessive verdict, but a verdict where none would otherwise be given." (See, also, *Wright* v. *Broadway Dept. Store,* 199 Cal. 562, 568 [250 Pac. 572]; *Johnston* v. *Beadle,* 6 Cal. App. 251 [91 Pac. 1011].)

■ Appellant calls our attention to the fact that no motion was made to strike out the answers to the objectionable questions, but failure to make such a motion is not to be taken as a waiver of the right to claim error. "If a question is objectionable from every standpoint, if on its

face there appears no purpose whatever for which the evidence asked could be admissible, a general objection of irrelevancy, incompetency and immateriality is sufficient." (*Short* v. *Frink,* 151 Cal. 83 [90 Pac. 200], citing authorities.) Nor can it be held that failure of defendants to request that an instruction be given in regard to the objectionable testimony constituted a waiver by which the trial court was bound in ruling upon the motion for a new trial. Cases cited by appellant's counsel in support of that contention deal with situations where misconduct of an attorney was charged, usually relating to remarks made in arguments to a jury. "Respondents concede," to quote from their brief, "that the rule is that in such cases such misconduct must be objected to and the court requested to instruct the jury to disregard it before point may be made of such misconduct." "But," the respondents argue, and we quote further with approval from their brief, "such is not the situation in the case at bar. Respondents clearly voiced their objections to the testimony and to the offer of proof made by appellant's attorney at the time of trial, and in so doing preserved their objections for a later attack upon the proceeding."

This cause is remanded for a new trial in accordance with the order of the trial court, which is hereby affirmed.

Houser, Acting P. J., and York, J., concurred.