[Civ. No. 5172. Fourth Dist. Sept. 7, 1956.]

ERNEST TOMSON, a Minor, etc., et al., Appellants, v. ANTHONY KISCHASSEY et al., Respondents.

Brooks Crabtree and Thomas P. Golden for Appellants.

Melvin M. Belli, as Amicus Curiae on behalf of Appellants.

McInnis, Hamilton & Fitzgerald for Respondents.

GRIFFIN, Acting P. J.—Plaintiffs and appellants, Helen Tomson and her son, Ernest Tomson (aged 15) through his mother as guardian *ad litem,* brought this action against defendants and respondents for claimed damages for injuries resulting from a collision on the night of June 10, 1952, between a bicycle operated by one John Simmons (aged 13) and on which Ernest was riding tandem and a car owned by defendants Gladys and William McPhail and operated by defendant Anthony Kischassey (aged 17). His parents are also named herein as defendants. The accident occurred on Garfield Avenue, the paved portion of which is 18 feet wide with 3-foot shoulders, near La Mesa. It runs in a general north-south direction. Chatham Street runs in an east-west direction and forms a ''T'' intersection with Garfield Avenue.

Anthony was driving the car east on Chatham and proceeded to turn north on Garfield. About that time he noticed two boys on bicycles proceeding northerly on Garfield, one near the center line and one near the east edge of the pavement. He said he noticed no boys approaching him on the west side of Garfield but apparently Ernest and John were riding in a southerly direction, without the aid of lights on John's bicycle, which he was steering. As Anthony started to pass the two cyclists, he proceeded on the west side of Garfield and came in collision with the bicycle on which Ernest was riding tandem. He was seated on a permanently attached luggage rack over the rear wheel. It knocked the boys to the ground and injured Ernest quite severely. The speed of the defendants' car was fixed at about 10-20 miles per hour at the time. Either John invited Ernest to ride on the rack of his bicycle to take Ernest home or Ernest asked John for a ride home on Ernest's bicycle because John's bicycle was not at the oil station where he expected it would be after the Boy Scout meeting. No money or other consideration was paid nor agreed to be paid for the ride. A jury verdict was rendered in favor of defendants. The principal complaint on appeal involves instructions which were given or refused and claimed misconduct of defense counsel.

On *voir dire* examination of one juror, plaintiffs' counsel, after asking the same question of the five previous jurors without objection, propounded a question as to whether the juror had any prejudice, one way or the other, in the event the evidence showed two people were riding on the same

bicycle. Objection was then made by defendants' counsel and he stated as a reason that there might be some question of law involved "concerning the propriety of that activity." The objection was overruled and the juror remarked that he had been informed that it was against the law for two children to ride on the same bicycle and if so, he "might be prejudiced in that matter." He was immediately informed that the court would admonish him as to the law and no further objection was made. It later admonished the jury to erase the form of objection from their minds since it had not then been established that such conduct was against the law and indicated that the court would later instruct on this subject. ■ Thereafter the court gave, at the request of defendants, an instruction in the language of section 596.5 of the Vehicle Code, which provides:

"*Unlawful riding.* No person shall ride, and no person driving a motor vehicle shall knowingly permit any person to ride on any vehicle upon any portion thereof not designed or intended for the use of passengers. This provision shall not apply to an employee engaged in the necessary discharge of his duty or to persons riding within or upon vehicle bodies in space intended for any load on said vehicle."

Plaintiffs' counsel contends that this was the only law in support of the juror's information that it was a violation of the law to ride tandem on one bicycle and that the section itself does not prohibit such an act.

In *La Fleur* v. *Hernandez*, 84 Cal.App.2d 569, 574 [191 P.2d 95], it was questioned whether that section was applicable where the passenger was riding on the handlebars of a bicycle. It concluded, however, that the error, if any, was not prejudicial.

Section 31 of the Vehicle Code defines a vehicle as a "device in, upon or by which any person or property is or may be propelled, moved or drawn upon a highway, excepting a device moved by human power. . . ." That section especially eliminates a bicycle in the definition of a vehicle. Section 32 defines a motor vehicle and likewise excludes a self-propelled bicycle. The only section of the Vehicle Code which could possibly include it is section 452, which provides that every person riding a bicycle or riding or driving an animal upon a highway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle, but this division (9) excepts those provisions which by their very nature can have no application. Section 596.5 is included

within division 9 (traffic laws). It therefore appears that it might possibly apply to riding a bicycle upon a highway but it would be difficult to hold that it applied to a horse being ridden bareback and double. Apparently, in *James* v. *Myers,* 68 Cal.App.2d 23 [156 P.2d 69], a similar question arose where a motorcycle operator and his companion were riding on the single seat of the vehicle intended and designed for the exclusive use of the operator. The court held it was a violation of section 596.5 of the Vehicle Code. If it could be applied to a motorcycle under section 452, the trial court was justified in submitting the question of its application to a bicycle to the jury. No prejudicial error resulted in this respect.

■ The trial court refused plaintiffs' proffered instruction in the language of BAJI 147 as to the standard of care or conduct of children, claiming it was "inapplicable." The reason it was inapplicable is not indicated. Here, the plaintiff was 15 years of age and the operator of the bicycle was 13. The evidence produced might well have justified the giving of this instruction. A similar instruction in *Blanton* v. *Curry,* 20 Cal.2d 793 [129 P.2d 1] (12-year-old child) and *Kelley* v. *City & County of San Francisco,* 58 Cal.App.2d 872 [137 P.2d 719] (13-year-old boy and a junior traffic officer acquainted with traffic and safety laws) was approved.

The court did give an instruction that bicycle riders have the same right as automobile drivers to the use of the streets and the former are chargeable with only such ordinary care for their own safety as a person of like age, intelligence and experience would exercise under the same or similar circumstances. The proffered instruction should have been given since the instruction given only partially covered the subject matter.

■ The court also refused plaintiffs' proffered instruction in the general language of BAJI 138-A and 201-F, with modifications, in reference to the amount of caution required of the driver of a motor vehicle and also that of a bicycle rider. This type of instruction was approved in *O'Brien* v. *Schellberg,* 59 Cal.App.2d 764, 770 [140 P.2d 159]. However, the proffered instructions modified the BAJI instructions to the extent that they may have been considered objectionable. The court did give a general instruction on this subject with the statement that it is the duty of the driver of a motor vehicle using a public highway to be vigilant

at all times and to keep the vehicle under such control that to avoid a collision he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in a like position, and it is his duty to exercise ordinary care at all times to avoid placing himself and others in danger and to exercise ordinary care at all times to avoid a collision. This instruction only partially covered the subject matter.

A more serious question arises as to the refusal of the trial court to give plaintiffs' proffered instructions to the effect that if plaintiff was enjoying the hospitality of John Simmons and was riding on the bicycle for his own pleasure or on his own business without making any return to or conferring any benefit on him, other than the mere pleasure of his company, then plaintiff Ernest Tomson was a guest and the negligence of the driver is not then imputed to a guest. The court agreed, in chambers, to give an instruction in the general language of BAJI 210-E to the effect that if John was negligent and his negligence contributed in some degree as a proximate cause to the injury of plaintiff, the jury must determine whether John's negligence should be imputed to plaintiff, thus constituting contributory negligence on his part, and barring recovery by him; that to so impute negligence, it must find plaintiff and the driver were then in joint or common possession and control of the bicycle, with the two having equal rights to be heard in its control and management. The proffered instructions were refused as "covered by court's instruction on imputed negligence." Apparently the trial judge, when he came to this instruction, in reading it to the jury, did start to read it in the general language of BAJI 210-E, and then, for some unexplained reason, stopped and told the jury to strike it out. Apparently, no other or further instruction was given on the subject of imputed negligence. The instruction the court ordered stricken was not placed in the record on appeal among the "refused" instructions but, as pointed out in a petition for rehearing, it apparently was not given.

■ The rule is well established that the contributory negligence of a driver of a vehicle is not ordinarily imputable to his passenger or guest. (*Pope* v. *Halpern*, 193 Cal. 168, 173-174 [223 P. 470].) ■ Where there is nothing in common between a passenger and a driver of a vehicle except a common destination and a common purpose in going there, the negligence of the driver is not to be imputed to the passenger.

(*Campagna* v. *Market St. Ry. Co.*, 24 Cal.2d 304 [149 P.2d 281].) ▇ In the instant case the jury was not instructed that if it found John was negligent, it must also determine whether his negligence should be imputed to plaintiff, and that before it could be so imputed it must find that plaintiff and the driver were then in joint or common possession and control of the bicycle. Plaintiff was entitled to have his or some adequate instruction given on this subject. This fact, in conjunction with the other instructions refused, clearly constitute reversible error.

Another serious question is jointly raised by counsel for plaintiffs and for amicus curiae. By stipulation, the argument to the jury and on the motion for new trial was not reported. Plaintiffs now claim that in the argument to the jury, defendants' counsel stated that his client was "a young man" and that "In the event you were to give plaintiffs a verdict of say $5,000.00, how much would you think Anthony could pay on such a judgment? $50.00 a week? Assuming that he could pay as much as $50.00 a week, it would take him 100 weeks to pay $5,000.00. Any higher verdict would take a comparable longer time to pay; and anything like $25,000.00 would be entirely out of the question for him to pay." In some sort of a hearing before the trial judge, after this appeal had been taken, counsel for plaintiffs endeavored to have counsel for defendants agree as to what was said in the argument to the jury in this respect. He denied that such statement was made and claims he only referred to how long it would take to earn $5,000, and that that sum would go a long way, and that he made no remark about defendant's ability to pay.

Had plaintiffs' claim affirmatively appeared as a part of the record of the argument to the jury, it would have been error for either counsel to refer to the ability or inability of a defendant in any such action to respond to the judgment rendered. By such conduct, counsel invites error on the part of plaintiff to show that defendants are in fact insured (which plaintiffs claim is a fact) and any such conduct, if prejudicial, might well call for a reversal of the judgment if proper objection is made at the time and a request made that the court instruct the jury to disregard the statement. (*Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 P. 393]; *Drotleff* v. *Renshaw*, 34 Cal.2d 176 [208 P.2d 969].) Apparently, the authorized record before this court does not indicate that objection to the claimed argument of counsel was made at the

time and no request was then made to the court to instruct the jury to disregard it. There was a conflict in the supplemental reporter's transcript as to what was said in the argument in this respect and the court made no finding on the subject.

Since a reversal of the judgment is otherwise required, on the next trial such claimed misconduct, if true, may well be avoided.

Judgment reversed.

Mussell, J., concurred.