[S. F. No. 22430.   In Bank.   Dec. 29, 1966.]

SUSAN ANN HOFFMAN et al., Plaintiffs and Appellants,
v. ERIC BRANDT, Defendant and Respondent.

William J. Scammon for Plaintiffs and Appellants.

Ropers, Majeski & Phelps, J. Barton Phelps and Cyril Viadro for Defendant and Respondent.

PETERS, J.—This is an appeal by plaintiffs from a judgment for defendant in an action for damages for personal injuries and property damage resulting from an automobile collision occurring at the intersection of Crystal Springs Road and El Camino Real in San Mateo.

The question of liability was very close. The accident occurred about 3:30 p.m. on a sunny Sunday afternoon in July. In the area of the accident El Camino Real is a four-lane road proceeding in a generally north-south direction. It is 52 feet wide north of the intersection, but widens to 76 feet south of the intersection. Crystal Springs Road does not cross El Camino Real and is only on the west side of the latter. El Camino Real in the area of the accident is posted for a speed limit of 35 miles per hour, and there are a number of traffic signals along the road, including signals at the intersection where the collision occurred and at the intersections immediately north and south thereof. An officer who was stopped waiting for an opportunity to turn into El Camino Real heard the collision and testified that traffic was heavy on the road with a steady flow of traffic in all four lanes at a speed of from 25 to 30 miles per hour.

Defendant who was proceeding north in his 1962 Rambler on El Camino Real was making a left turn into Crystal Springs Road when the collision occurred, and plaintiff Susan Ann Hoffman, driving her father's 1959 Porsche, was then proceeding south in the right-hand lane of El Camino Real. The left front and left side of the Porsche and the right front side of the Rambler were damaged.

Defendant testified that as he approached the intersection the signal was red, that he was in the left lane behind three other cars, that after the signal changed the cars in front of him turned left, that he followed the car in front of him which stopped in the crosswalk, that the Porsche was about 150 feet away when he saw it, that the Porsche was going ''better than

35 miles per hour'' and was accelerating speed, and that he was traveling at a mile or two miles per hour.

Plaintiff Susan Ann Hoffman testified that prior to the accident she had left her home about three blocks from the location of the accident, that she turned onto El Camino Real and proceeded one block where she stopped at a red signal behind one or two other cars, that as she proceeded down the block from the stop light to the point of collision there were cars in front of her and one to her left which was slightly ahead of her, that she first saw defendant's car when he came into her lane and she was 10 or 15 feet away from him, and that she was traveling at about 25 to 30 miles per hour, applied her brakes and turned to the right before the collision. Injuries sustained by her in the accident had apparently required surgery immediately after the accident, and as of the time of trial further surgery was contemplated.

The sole contention on appeal relates to the closing argument of defendant's counsel. During the trial it had been established that plaintiff Susan Ann Hoffman was 20 years old and that defendant was a retired machinist of 69 years. Defense counsel, after commenting upon the disparity in ages, said:

''He is a retired machinist, and from him the very able counsel for the plaintiff has asked the sum of money of $19,000.00, and so as to him you have the question, his life has been lived; are you going to, by your verdict, say to him, 'It's Laguna Honda Home[1] for you, Mr. Brandt'?

''MR. SCAMMON [plaintiff's counsel] : If it please the Court, may I be heard ?

''THE COURT: On what?

''MR. SCAMMON : I think the suggestion that counsel makes that the verdict in this case would put him in Laguna Honda Home is totally unwarranted. For counsel and I both know that that is an incorrect statement.

''MR. PHELPS [defendant's counsel] : On the contrary, Mr. Scammon, that is not true. $19,000.00 for this man would be a serious thing.

''MR. SCAMMON : If it please the Court—

''THE COURT: If there is going to be any argument, gentlemen, it will be an argument on a legal matter. It will be beyond the presence of the jury. You all know that.

''Go ahead.

[1]Laguna Honda Home is a city and county home operated for the indigent.

"MR. SCAMMON: May we go into chambers then?

"THE COURT: Do you want to go into chambers?

"MR. SCAMMON: Yes, sir.

"THE COURT: Do you want to go into chambers?

"MR. PHELPS: I don't care to, no, Your Honor. The fact is the fact.

"THE COURT: Well, there is no evidence in this case that the Court remembers as to the financial condition of either of the parties in this action.

"MR. PHELPS: I am entitled, certainly, to say from the inferences of the evidence which kind of a man he is. And he has—counsel knows full well what the situation is, and he has asked for $19,000.00 on the board.

"THE COURT: All right, I will tell you what I am going to do. I am going to suggest at this point that the evidence in the case does not turn on anybody's financial condition, including the Court's. So, at this point, I am going to suggest you leave the subject.

"Members of the jury, I admonish you that this is argument; it is not evidence. It is the concluding phase of the case before the law where each side presents in argument form what the evidence is, and how it applies to the respective persons arguing, and we will let it go at that. Just remember this is not evidence, it's argument, and treat it as such.

"Proceed.

"MR. PHELPS: Well, I certainly will, and I want you to know that—I want you to disregard any clever innuendoes of my opponent in this case. If we stick to the evidence, and you can use your common sense about what kind of people are before you, where they live, what they do, a retired machinist from Sixth Street, out on a Sunday drive with an elderly lady who lives on Natoma Street, as opposed to a young lady driving a Porsche. I said that there were some unusual things about this case, and I think that is one of them.'' The jury was later instructed that argument is not evidence.

In support of his motion for new trial, plaintiffs' counsel stated that there was in fact insurance, and this allegation is not disputed by defendant.

Plaintiff claims that defense counsel's statement constituted misconduct because it was based on matters not supported by the evidence, because it was an appeal to sympathy and prejudice, and because it implied that there was no insurance when in fact there was insurance.

The argument was clearly error. ■ Justice is to be accorded to rich and poor alike, and a deliberate attempt by

counsel to appeal to social or economic prejudices of the jury, including the wealth or poverty of the litigants, is misconduct where the asserted wealth or poverty is not relevant to the issues of the case. (*Love* v. *Wolf*, 226 Cal.App.2d 378, 388-389 [38 Cal.Rptr. 183]; *Nakamura* v. *Los Angeles Gas & Elec. Corp.*, 137 Cal.App. 487, 489-490 [30 P.2d 1022]; see *Tomson* v. *Kischassey*, 144 Cal.App.2d 363, 369 [301 P.2d 55]; *Lee* v. *Hackney*, 110 Cal.App.2d 444, 449 [242 P.2d 933]; 2 Witkin, Cal. Procedure (1954) § 12, p. 1737; Note 32 A.L.R.2d 9, 17.) ■ The possibility, even if true, that a judgment for plaintiffs would mean that defendant would have to go to the Laguna Honda Home, had no relevance to the issues of the case, and the argument of defense counsel was clearly a transparent attempt to appeal to the sympathies of the jury on the basis of the claimed lack of wealth of the defendant. As such, it was clearly misconduct. Further, to the extent that the asserted factual basis for the appeal to sympathy is false, the misconduct was compounded.

Defendant does not dispute that the argument of his counsel constituted misconduct or that plaintiffs objected to the argument. Defendant urges that plaintiffs may not raise the misconduct on appeal because, although they objected, plaintiffs did not ask the court to admonish the jury. There are cases which have held that failure to request an admonishment will bar raising the matter on appeal if an admonition would have removed the effect thereof. (E.g., *Olsen* v. *Standard Oil Co.*, 188 Cal. 20, 26 [204 P. 393]; *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 367-368 [184 P. 672, 12 A.L.R. 1007].) ■ However, in the instant case plaintiffs, when objecting, sought to go into chambers to consider the proper procedure, and defendant rejected the offer. The court admonished the jury that counsel's statements were argument not evidence and then directed defense counsel to proceed. In these circumstances there does not appear to be any basis to preclude plaintiffs from urging on appeal that defense counsel was guilty of misconduct or that the admonishment given did not eliminate the prejudicial effect of the misconduct.

■ In a case like the instant one the prejudice is apparent, and we have concluded that the equivocal admonition did not cure the error.

■ In determining whether improper arguments of counsel—asserting facts as to a party's financial condition and telling the jury to consider them in arriving at its verdict —may be cured by an admonition, it bears emphasis that this problem can arise in any personal injury case and that,

although an admonition may to some extent reduce the prejudice due to improper reference to defendant's ability to meet a judgment, it will not totally eliminate the prejudice.

■ Obviously, the questions of liability and the amount of damages, if any, in the ordinary personal injury case are to be determined without regard to the defendant's ability to pay any judgment rendered against him. Knowledge that there is insurance in fact will at least provide some comfort to a juror who may have reservations against returning a substantial verdict against a retired man who is apparently not wealthy. Likewise knowledge of lack of insurance of a defendant who apparently does not have funds to pay a substantial judgment against him may be a factor in many jurors' minds in considering the issue of liability in a case where the evidence is closely balanced.

Support for the view that an admonition by the court may fail to eliminate the prejudice resulting from improper statements and arguments as to a defendant's financial resources is found in cases which hold that gratuitous and intentional references in a personal injury action to the fact that defendant carries liability insurance, where that fact is not relevant to the issues of the case, constitute willful misconduct, and the misconduct will be held prejudicial in a closely balanced case notwithstanding that the court admonishes the jury to disregard the statements made with respect to insurance. (E.g., *Squires* v. *Riffe*, 211 Cal. 370, 373-374 [295 P. 517]; *Citti* v. *Bava*, 204 Cal. 136, 138 et seq. [266 P. 954]; *Mahnkey* v. *Bolger*, 98 Cal.App.2d 628, 636 et seq. [220 P.2d 824]; cf. *State Farm etc. Ins. Co.* v. *Superior Court*, 47 Cal.2d 428, 432 [304 P.2d 13].)[2] The rule works both ways.

---

[2] It has been pointed out that the use of insurance in the light of our financial responsibility laws has become so common that jurors naturally assume as they enter the jury box that a defendant is insured against liability and that therefore the claimed danger of injection of insurance into the case has lost much of its sting. (*Causey* v. *Cornelius*, 164 Cal. App.2d 269, 277-281 [330 P.2d 468]; see Carter, J., dissenting, *State Farm etc. Ins. Co.* v. *Superior Court, supra,* 47 Cal.2d 428, 436; Witkin, Cal. Procedure (1965 Supp.) § 12, pp. 603-604.) The sting has been further softened by the well-publicized campaign of the insurance companies stressing the effect on insurance premiums of personal injury recoveries. (See *Causey* v. *Cornelius, supra,* 164 Cal.App.2d 269, 279.) Nevertheless, counsel should not be permitted to bring the fact of insurance to the attention of the jury where that fact has no proper relationship to the issues in the case, and an argument that the presence of insurance warrants a finding of liability or an increase in damages is improper and may result in prejudice which is difficult, if not impossible, to assess. The fact that juries may have developed a more sophisticated attitude toward insurance does not warrant a departure from the rule set

██ Certainly it is not and should not be the law that in every case a reference to the financial ability of the defendant to respond in damages and arguments based thereon may be cured by an admonition. Obviously the effect of an admonition upon such misconduct depends upon the facts of each case.

The instant case is a strong one for holding that notwithstanding the admonition the misconduct of defense counsel requires reversal. The evidence shows that the accident occurred as defendant was making a left turn into the lane of plaintiff Susan Ann Hoffman on a four-lane highway, that she was in the right-hand or slower lane, and that, although the traffic was heavy, she was not changing lanes. The evidence, although sharply conflicting in a few respects, presents a closely balanced if not a strong case for recovery. Defense counsel not only improperly referred to his client's financial ability to meet a judgment but also argued that the matter was to be considered by the jury as a factor in its verdict. The court's admonition may have been misleading because, by repeatedly stating that counsel's statements were argument, the court may have left the implication to the jury that the argument was proper. After the admonition, defense counsel returned to the subject. And finally, and probably of most importance, defense counsel's statements contain the implication that there was no insurance, an implication which was false.

The judgment is reversed.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Peek, J.,* concurred.

McCOMB, J. — I dissent. I would affirm the judgment for the reasons expressed by Justice Taylor in the opinion prepared by him for the Court of Appeal, First Appellate District, Division Two (*Hoffman* v. *Brandt*, 1 Civ. 22745, filed May 31, 1966, certified for nonpublication).

Respondent's petition for a rehearing was denied January 25, 1967.

---

forth above that notwithstanding an admonition reversal is required in a closely balanced case where counsel intentionally and improperly brings before the jury the presence or absence of insurance.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.