[No. B085030. Second Dist., Div. Six. Sept. 12, 1995.]

DON DU JARDIN et al., Plaintiffs and Appellants, v.
CITY OF OXNARD, Defendant and Respondent.

■■■■■■■■■■

## COUNSEL

Schurmer & Drane and Scott Schurmer for Plaintiffs and Appellants.

Beach, Procter, McCarthy & Slaughter, Thomas E. Beach and Sean D. Cowdrey for Defendant and Respondent.

## OPINION

**GILBERT, J.**—Vince Lombardi is reputed to have said "Winning isn't everything; it's the only thing."

These words may have been in defense counsel's mind when he made his closing argument to the jury. He warned the jurors that a verdict in favor of plaintiff could result in the loss of social services.

Counsel took Lombardi's words too literally. That is why he loses for winning. For our purposes we add this caveat to Lombardi's statement: "provided that you play fairly and according to the rules." The rules by which we engage in legal contests are designed to ensure that the contest is carried on with fairness and civility. That is not what happened here.

Don and Carmen Du Jardin appeal from the judgment after a special jury verdict in favor of respondent, the City of Oxnard (the City). Appellants assert that misconduct of respondent's counsel during closing argument requires reversal. We agree and reverse the judgment.

### FACTS

The City rented and delivered a trash dumpster it owned to the Oxnard Union High School District. The City failed to notice or to inform the district that the dumpster had a hole in its floor. Delivery of defective rental dumpsters violates City rules.

After the City delivered the dumpster, Peter Villagomez, a district employee, noticed the hole and reported it to his supervisor. Villagomez warned

the work crew about the hole at a meeting the day before the accident, but he failed to cover the hole with plywood as he and his supervisor had planned to do.

Don Du Jardin worked as a maintenance employee for the district. While carrying a stove with another worker, Du Jardin walked backwards, stepped into the dumpster without looking, and fell into the hole.

Du Jardin sued the City for negligently maintaining and delivering the dumpster in a dangerous condition without warning of its condition. The trial court bifurcated the matter. The only issue before the jury was whether the City was liable for a dangerous condition of public property. After trial of the liability phase of the case, the jury returned a special verdict in favor of the City by an 11-to-1 vote.

Du Jardin moved for a new trial solely on the ground of prejudicial misconduct of the City's counsel during closing argument. The trial court denied the motion and this appeal ensued.

## DISCUSSION

Du Jardin maintains that misconduct of counsel for the City during closing argument requires reversal. During closing argument, he stated, "I want to close by bringing some concepts together about the evidence that's been presented to you ladies and gentlemen. And I want to suggest to you that [plaintiff's counsel] and his lawsuit on behalf of Mr. Du Jardin is asking you ladies and gentlemen to make a very inappropriate and very dangerous choice. And I want you to think very carefully about the consequences of your judgment, the consequences of your decision-making in this case. Particularly in light of the court's instructions. If our society has reached a point where the allocation of fault or responsibility falls upon the shoulders of the public entities to make up for the failed responsibility of individuals, I suggest to you that we have reached a very dangerous point in our society.

"When a public agency, be it a school or a library or a hospital is held liable for the admittedly negligent conduct of other people, we just have to sit back and start counting the public services that will disappear when we hold a public entity liable for the negligence of other persons. You know—

"[PLAINTIFF'S COUNSEL]: Excuse me, I'd like to have the last remark stricken. I don't think that's a relevant point in this case. The jury should disregard it.

"THE COURT: Well, ladies and gentlemen, you are not to be concerned with the consequences of what you do; other than you are to follow the law.

"[DEFENSE COUNSEL]: Precisely. And I look upon the negligence of persons unconnected with the public entities like sort of like the savings and loan scandle [*sic*], a bunch of bankers are negligent enough to lose billions of dollars, and who do they come begging to? Good ol' government taxpayer.

"[PLAINTIFF'S COUNSEL]: Objection, your honor. Objection to this argument.

"THE COURT: Well, ladies and gentlemen, it's not a matter of where the burden lies and who pays for what, it's a matter of applying the law to the facts of the case. So I think the argument is improper. Sustained."

■ "Generally a claim of misconduct is entitled to no consideration on appeal unless the record shows a timely and proper objection and a request that the jury be admonished. [Citations.]" (*Horn* v. *Atchison, T. & S. F. Ry. Co.* (1964) 61 Cal.2d 602, 610 [39 Cal.Rptr. 721, 394 P.2d 561].) In evaluating claims of misconduct, "[e]ach case must ultimately rest upon a court's view of the overall record, taking into account such factors, inter alia, as the nature and seriousness of the remarks and misconduct, the general atmosphere, including the judge's control, of the trial, the likelihood of prejudicing the jury, and the efficacy of objection or admonition under all the circumstances." (*Sabella* v. *Southern Pac. Co.* (1969) 70 Cal.2d 311, 320-321 [74 Cal.Rptr. 534, 449 P.2d 750], fn. omitted.)

In *Sabella*, plaintiff's counsel castigated witnesses and compared the wealth of the parties without objection. Defendant tardily objected only to the argument that the defendant failed to help the plaintiff or to give him a job after he became injured. Counsel failed to ask for any admonition to the jury. Defendant's motion for new trial was denied on the condition that plaintiff agree to a reduction of the verdict. Plaintiff agreed and did not challenge the propriety of the reduction. Although the Supreme Court characterized the cumulative remarks of counsel as "deplorable misconduct which might well have been prejudicial" (*Sabella* v. *Southern Pac. Co.*, *supra*, 70 Cal.2d at p. 318), it affirmed because of the facts and circumstances of the case.

■ Here, counsel objected immediately, preserving the error for the instant appeal. He asked that the remarks about "counting the public services that will disappear" be stricken as irrelevant. He asked the court to tell the jury to disregard these remarks.

The trial court's reaction was equivocal. Its initial comments may have reinforced counsel's argument. The court told the jury that it is "not to be

concerned with the consequences of what you do; other than you are to follow the law." City's counsel exacerbated the situation by continuing this improper line of argument, suggesting that the court approved of his remarks by saying "precisely" immediately after the court made its first comment on them.

Counsel's argument intimated that the City had no insurance to cover any damages which might ultimately be exacted. The City improperly sought to convince the jurors that a litany of public services they currently receive would disappear if they found the City liable. Furthermore, unlike the jury, counsel truly understood that the issue of damages had been completely bifurcated from the instant proceedings.

Although the trial court sustained the second objection to the argument as improper, we do not believe the court's mild comment ameliorated the serious damage wrought by counsel. Counsel had appealed directly to the jurors' personal passions and prejudices. This is not a situation where remarks were focused on some corporate entity or on a litigant. Instead, these salvos struck at the heart of the jurors' pocketbooks. (See *People* ex rel. *Dept. of Public Works* v. *Graziadio* (1964) 231 Cal.App.2d 525, 533 [42 Cal.Rptr. 29] [improper argument to jury about spending "your own money" in eminent domain case]; and *People* v. *Loop* (1954) 127 Cal.App.2d 786, 805 [274 P.2d 885] [instruction improper which states it would be unjust to the public to require the people to pay more than fair compensation in an eminent domain proceeding].)

In *Hoffman* v. *Brandt* (1966) 65 Cal.2d 549, 551-552 [55 Cal.Rptr. 417, 421 P.2d 425], counsel for the defendant suggested that if the jury returned a verdict for the amount sought by the plaintiff, the defendant would have to go to a home for the indigent. After a colloquy between counsel and the court in front of the jury, the court suggested that defense counsel leave the subject inasmuch as the case " 'does not turn on anybody's financial condition. . . .' " (*Id.* at p. 552.) Plaintiff's counsel urged that the argument was unwarranted and incorrect, but he made no specific objection and he did not request an admonition to the jury. The trial court admonished the jury that counsel's comments constituted argument, not evidence and to treat it as such. In its instructions to the jury, the trial court later reiterated that counsels' arguments were not evidence. (*Ibid.*)

Nonetheless, the *Hoffman* court reversed the judgment in favor of plaintiff because defendant's argument, as here, was "a deliberate attempt by counsel to appeal to social or economic prejudices of the jury, . . . [Citations.]" (*Hoffman* v. *Brandt, supra,* 65 Cal.2d at pp. 552-553.) ██ Argument

which has no relevance to issues in a case and which is a transparent attempt to appeal to jurors' emotions is clearly misconduct. (*Ibid.*; see also *Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 746-747 [40 Cal.Rptr. 78, 394 P.2d 822] [it is also misconduct for attorney to suggest inferences not supported by record or to assume facts not in evidence].)

■ Here, unlike *Hoffman*, the general instruction that statements of counsel are not evidence was read to the jury only before closing argument began. The jurors in this bifurcated case were given no instructions concerning damages, and the trial court gave no further instruction concerning the improper argument. In *Hoffman*, even though the issue of damages and attendant instructions thereon were presented to the jury and further instructions were given, our Supreme Court ruled that the misconduct was prejudicial, reversible error.

The City opines that we should affirm because the instant case is similar to *Hart* v. *Wielt* (1970) 4 Cal.App.3d 224 [84 Cal.Rptr. 220]. We disagree. In *Hart*, a personal injury action, plaintiff's counsel stated in opening argument that plaintiff " 'still is on charity and she has never been on charity in her life . . . [t]he responsibility is upon the defendant . . . and the charity should end by an award sufficiently large . . . so she can . . . relieve herself of being a burden on the taxpayers . . . .' " (*Id.* at p. 234.)

Defense counsel immediately objected to this opening argument on the grounds of misconduct of counsel, and the court immediately admonished the jury in unequivocal terms. Counsel dropped the subject and did not return to it. Moreover, evidence of plaintiff's impoverished circumstances was introduced during trial without objection. Furthermore, there was no bifurcation of liability and damages. (*Hart* v. *Wielt*, *supra*, 4 Cal.App.3d at pp. 234-235.)

The errors in this case were cumulative: 1. the City's financial ability to meet the judgment was not at issue, 2. its counsel suggested that insurance may not be available, 3. the court's admonition was equivocal and, perhaps, misleading, 4. counsel continued an argument aimed at the jurors' own pocketbooks, and 5. no further, curative instructions were given. In this reasonably close case, prejudice is apparent and "the equivocal admonition did not cure the error." (*Hoffman* v. *Brandt*, *supra*, 65 Cal.2d at pp. 553, 555.)

■ Usually, we defer to the ruling of a trial court on a new trial motion. (*Jonte* v. *Key System* (1949) 89 Cal.App.2d 654, 659 [201 P.2d 562].) " 'A trial judge is in a better position than an appellate court to determine whether

a verdict resulted wholly, or in part, from the asserted misconduct of counsel and [the trial court's] conclusion in the matter will not be disturbed unless, under all the circumstances, it is plainly wrong.' " (*Sabella* v. *Southern Pac. Co.*, *supra*, 70 Cal.2d at p. 318, fn. 5, quoting *Cope* v. *Davison* (1947) 30 Cal.2d 193, 203 [180 P.2d 873, 171 A.L.R. 667].) ▪ Given the facts and circumstances of this case, however, we conclude that the cumulative errors were prejudicial and require reversal.

The judgment is reversed. Costs to appellants.

Stone (S. J.), P. J., and Yegan, J., concurred.