Filed 1/5/16  P. v. Vestervelt CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062052 |
| v. | (Super.Ct.No. SICRF1456247) |
| ROBERT WILLIAM WESTERVELT, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Inyo County.  David L. DeVore, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Based on a continuous assault on his girlfriend outside their home, a jury convicted defendant and appellant, Robert William Westervelt, of three offenses: in count 2, willful infliction of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a));[1] in count 3, simple assault (§ 240), as a lesser included offense of the charged offense of assault with a deadly weapon, a pipe (§ 245, subd. (a)(1)); and in count 4, assault by means of force likely to produce great bodily injury (GBI assault) (§ 245, subd. (a)(4)). The jury also found that defendant personally inflicted great bodily injury (GBI) on the victim in counts 2 and 4. (§ 12022.7, subds. (a), (e).) The evidence showed defendant punched and kicked the victim with his hands and feet, both before and after he poked and prodded her legs with a pipe as she lay under a car. Defendant was sentenced to four years' probation, plus 180 days in local custody for his simple assault conviction in count 3 concurrent. The jury acquitted defendant of attempted murder (§§ 664, 187) in count 1.

On appeal, defendant claims his simple assault conviction in count 3 must be reversed for two reasons: (1) the conduct underlying the offense was part of the same course of conduct underlying his conviction in count 4 for GBI assault, and (2) his convictions in counts 3 and 4 violate the prohibition against convictions for both greater and lesser included offenses based on the same conduct. (§ 954.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We conclude that defendant was properly convicted of both simple assault (§ 240) and GBI assault (§ 245, subd. (a)(1)) because a criminal defendant can suffer multiple convictions for a series of related criminal acts. We also hold that the convictions for simple assault and GBI assault stem from different charged counts, which is permissible and do not violate the prohibition against convictions for lesser and greater included offenses. As discussed, *post*, defendant's convictions do not violate section 954. We affirm the judgment.

## II. BACKGROUND

On February 2, 2014, defendant was involved in a physical altercation with the victim. As a result of the altercation, the victim sustained a bloody nose, a black eye, and bruises on her neck, legs, and back.

Defendant's neighbor, who was also his aunt, witnessed the altercation and called 911. During the 911 call, the neighbor told the dispatcher that defendant was punching and kicking the victim. After the victim managed to roll under a truck, defendant continued to kick her in the legs. He then picked up a pipe from a nearby carport and started poking and prodding the victim's legs with the pipe. Defendant subsequently went under the truck and, using his fists, struck the victim repeatedly in her upper body. According to the neighbor, the victim appeared to be unconscious by the time defendant went underneath the truck and continued his assault upon her. Defendant dragged the victim from underneath the truck and poured a liquid on her, which the neighbor believed

3

to be lighter fluid.  This allegation was never verified by investigating officers.
Defendant was arrested several hours later.

At trial, the People argued that the assault constituted one continuous course of
conduct; the People presented its case as a single crime under distinct theories of
attempted murder, infliction of corporal injury on a cohabitant, assault with a deadly
weapon, and assault with means likely to cause GBI.

### III.  DISCUSSION

Defendant contends his convictions for simple assault (§ 240, count 3) and GBI
assault (§ 245, subd. (a)(4), count 4) violate the prohibition against multiple convictions
for multiple acts arising from a continuous course of conduct.  Alternatively, he contends
these convictions violate the prohibition against dual convictions for greater and lesser
included offenses.  Thus, he contends his conviction for simple assault must be reversed.
We reject defendant's contentions and affirm the judgment.

In determining whether multiple convictions arising out of a single act and
continuous course of conduct are proper, we apply a de novo standard of review.  (*People
v. Jones* (2001) 25 Cal.4th 98, 103; *People v. Villegas* (2012) 205 Cal.App.4th 642, 646.)
The same standard of review applies in determining whether one offense is a lesser
included offense of another.  (*People v. Licas* (2007) 41 Cal.4th 362, 366; *People v.
Ortega* (2015) 240 Cal.App.4th 956, 965.)

In general, a person may be convicted of more than one crime arising out of the
same act or course of conduct.  (§ 954; *People v. Reed* (2006) 38 Cal.4th 1224, 1226.)

4

"[A] criminal defendant can suffer multiple *convictions* for a single criminal act or series of related criminal acts. [Citations.]" (*People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1517.) The conviction can be based on the same course of conduct, arise out of one incident, and be based on a singular intent or a single overarching scheme. (*People v. Whitmer* (2014) 59 Cal.4th 733, 740-741 [defendant could sustain multiple convictions "based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme."]; *People v. Kirvin*, *supra*, at p. 1518 [defendant convicted of 10 counts of attempting to dissuade a witness based on the same impulse, intention, or plan].) A judicially created exception to this rule prohibits conviction of both a greater and a lesser included offense. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) However, if the defendant's convictions arise from separate counts and the charged offenses differ in their necessary elements, this judicially created exception does not apply. (*People v. Gonzalez* (2014) 60 Cal.4th 533, 539; *People v. Craig* (1941) 17 Cal.2d 453, 457.) In fact, a defendant can be charged with, and convicted of, both a lesser and greater included offense in separate counts, as section 654 ensures that the defendant is not punished twice for the same course of conduct. (*People v. Schueren* (1973) 10 Cal.3d 553, 561 [defendant charged and convicted of both §§ 217 (assault with a deadly weapon with intent to commit murder) and 245 (assault with a deadly weapon) even though § 245 is a lesser included offense of § 217]; *People v. Liakos* (1982) 133 Cal.App.3d 721, 724; see *In re Jose H.* (2000) 77 Cal.App.4th 1090, 1095 [enhancements are not considered for determining lesser included or necessarily included offenses].) Since defendant's

5

convictions arose from separate counts, and because the charged offenses (assault with a deadly weapon in count 3 and GBI assault in count 4) differ in their necessary elements, the prohibition against multiple convictions for lesser and greater included offenses does not apply.

In *Kirvin*, the court held that, "as a general matter, a criminal defendant can suffer multiple *convictions* for a single criminal act or series of related criminal acts." (*People v. Kirvin*, *supra*, 231 Cal.App.4th at p. 1517.) The court acknowledged that, based on the holding in *People v. Whitmer*, *supra*, 59 Cal.4th at pages 740 and 741, a defendant could sustain multiple convictions "based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme." (*People v. Kirvin*, *supra*, at p. 1518.) The *Kirvin* court also recognized that a defendant could be convicted of multiple counts of theft, vandalism, fraud, forgery, burglary, sex crimes, corporal injury on a spouse, and identity theft, even if "the crimes are part of the same impulse, intention or plan." (*Ibid.*) The court concluded that the "already existing rule prohibiting double *punishment*" ensures that a "defendant[] who engage[d] in conduct that technically constitutes two crimes but practically constitutes one" does not grant wrongdoers a "'felony discount' by assuring them only one conviction for a potentially limitless number of related offenses . . . ." (*Id.* at p. 1519.)

Defendant was charged with and convicted of separate assaults: assault with a deadly weapon in count 3 and GBI assault in count 4. Based on section 954 and the

holdings of *Whitmer* and *Kirvin*, defendant committed a series of related criminal acts and was properly charged with and convicted of both counts 3 and 4.

Defendant argues that the People, in its closing, included the use of the pipe as one of the instrumentalities used to commit the GBI assault. Thus, defendant contends he cannot be convicted of both counts 3 and 4. However, what counsel said during closing argument is not evidence. (*Du Jardin v. City of Oxnard* (1995) 38 Cal.App.4th 174, 180.) More importantly, we must presume that the jury relied on the instructions provided to it by the trial court, not the arguments of counsel, in reaching its decision. (*People v. Morales* (2001) 25 Cal.4th 34, 47 [any errors in closing argument were cured by the court's instructions that the jury was to follow its instructions over arguments of counsel].)

Here, the trial court instructed the jury that witness testimony and exhibits admitted into evidence, not the attorneys' questions, statements, arguments, and remarks, constituted evidence. The court also instructed the jury as to the elements of assault with a deadly weapon, assault with force likely to produce GBI, and simple assault as a lesser crime to counts 3 (simple assault) and 4 (assault by means of force likely to produce GBI). Thus, we reject defendant's reliance on what the prosecutor may have said in his closing argument, as we presume the jury reached its verdict based on the instructions provided to it by the trial court.

The parties agree that no unanimity instruction was required. A unanimity instruction is not required where the case falls within the "continuous course of conduct"

7

exception. This exception applies where multiple methods of assault constituted one prolonged assault (*People v. Robbins* (1989) 209 Cal.App.3d 261, 266) and where the criminal acts are closely connected in time such that they formed part of one transaction (*People v. Maury* (2003) 30 Cal.4th 342, 423; 5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial, § 729, pp. 1133-1134). Where the evidence shows only a single discrete crime but leaves room for disagreement as to exactly how that crime was committed, the jury need not unanimously agree on the basis or theory whereby the defendant is guilty. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) "In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*Id.* at p. 1135 [a unanimity instruction was not required for the jury to determine which overt act it could rely on to convict the defendant of conspiracy].)

The jury convicted defendant in count 3 of simple assault, as a lesser included of the charged offense of assault with a deadly weapon. It convicted defendant in count 4 of GBI assault. The record is clear that there was no "risk the jury may divide on two discrete crimes" or that the jury may be divided or uncertain as to the exact way the defendant committed GBI assault. The charging document charged defendant in count 3 with assault with a deadly weapon based on his use of a metal pipe. The jury was

8

instructed separately as to the elements of assault with a deadly weapon, GBI assault, and simple assault as a lesser included offense of both assault with a deadly weapon and GBI assault. The signed verdict form was also clear that the jury was finding defendant guilty of simple assault as a lesser included offense to the count 3 charge of assault with a deadly weapon. Lastly, the jury made clear that, in convicting defendant of GBI assault, it was not making a special finding that defendant "personally use[d] a deadly and dangerous weapon, to wit a metal pipe." On these bases, the jury convicted defendant of GBI assault based on his use of his hands and feet, not based on his use of the metal pipe.

## IV. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
Acting P. J.

We concur:

MILLER _____
J.

CODRINGTON _____
J.

9